IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JONATHAN COBB,

    Plaintiff,

vs.

GOOGLE, INC.; and
WORKFORCELOGIC USA;

    Defendants.

CIVIL ACTION FILE
NUMBER 1:08-CV-0483

**JURY DEMAND INCLUDED**

## FIRST AMENDED COMPLAINT

COMES NOW Jonathan Cobb, Plaintiff, and for his First Amended Complaint respectfully shows the Court the following:

### PARTIES

1.

Plaintiff Jonathan Cobb is a resident of this District and Division.

2.

Defendant Google, Inc. ("Google") is a corporation organized and existing under the laws of the state of Delaware which does business within this District and Division and around the world. Defendant Google maintains offices in this District and Division at Millennium at Midtown, 10 10th Street N.E., Suite 600, Atlanta, Georgia 30309. Defendant Google has listed with the Georgia Secretary of State's office as its registered agent for service of process Corporation Service Company, 40 Technology Parkway South, Number 300, Norcross, Gwinnett County, Georgia 30092. Defendant Google is subject to the jurisdiction of this Court.

3.

Defendant WorkforceLogic USA ("WorkforceLogic") is a wholly owned subsidiary of The Nelson Family Of Companies based in the state of California. Defendant has its principal offices located at 19080 Lomita Avenue, Building 3, Sonoma, California 95476. Defendant WorkforceLogic has no apparent registration with the Georgia Secretary of State's office, however, it does business in Georgia and throughout the United States. Defendant WorkforceLogic is subject to the jurisdiction of this Court.

## JURISDICTION AND VENUE

4.

This Court has subject-matter jurisdiction of this action under and by virtue of Title 28 U.S.C. Section 1332(a). There is complete diversity of citizenship between the parties, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. Defendants additionally transact business within the state of Georgia and have committed tortious acts or omissions within the state of Georgia. Defendants also have committed a tortious injury in the state of Georgia by means of acts or omissions committed outside the state of Georgia. Defendants regularly solicit and do business in Georgia, and engage in other persistent courses of conduct and derive substantial revenue from goods used or consumed or services rendered in this state. Accordingly, Defendants are subject to the jurisdiction of the Court under and by virtue of the Georgia law-arm jurisdictional statute, O.C.G.A. Section 9-10-91(a).

5.

This Court is the proper venue in which to adjudicate this action under and by virtue of Title 28 U.S.C. Section 1391(a). The actions giving rise to Plaintiff's claims were undertaken and initiated within this District and

Division. Communications and disclosures relative to the proprietary and confidential concepts and ideas which were presented and disclosed by Plaintiff to Defendant Google were initiated within this District and Division.

## FACTS COMMON TO ALL COUNTS

6.

Defendant Google provides search technologies connecting millions of people around the world. The company was founded in 1998 and is today the top web property in major global markets. Google utilizes its well-known search technologies to offer targeted advertising programs to large and small businesses. Headquartered in Silicon Valley, California, Google operates offices throughout the Americas, Europe and Asia.

7.

Among the programs offered by Defendant Google is "Google Earth." Defendant Google asserts that "Google Earth" is a trademark of Google, Inc. in the United States and other countries.

8.

On August 22, 2007, Defendant Google announced the launch of Sky, a new feature within Google Earth that enables its users to view the sky as seen from the planet Earth.

9.

With Sky, users of Google Earth can view and navigate through 100 million individual stars and 200 million galaxies. High resolution imagery and information overlays create a platform for visualizing and learning about space.

10.

Google's Sky employs an interface and navigation structure which is similar to the standard steering of Google Earth, including dragging, zooming, search, "My Places" and layer selection.

11.

Defendant Google has included within Sky a backyard astronomy layer which permits users to click through a variety of place-marks and information on stars, galaxies and nebulae visible to the eye, binoculars and

telescopes. This layer is directed at the amateur astronomer who may benefit from a comprehensive and organized way to reference fragments of the night sky.

12.

Plaintiff shows that, beginning in 2006, as a contractor working in Georgia through WorkforceLogic USA, Plaintiff convened a Google internal e-mail discussion group, denominated googlesky@googlegroups.com, in which Plaintiff presented, advanced and refined the Google Sky concept and idea. When Plaintiff formed the e-mail discussion group, he listed as members of the group certain employees of Defendant Google who had managerial and operational responsibility for Google Earth and related programs.

13.

Among the features presented and proposed by Plaintiff for Google Sky were the following:

(a) An interface similar to that of Google Earth with upgrades, including the presentation of a Day and Night view and related space imagery;

(b) An interface with differing telescope control systems;

(c) Access to and the ability to use GPS devices for positioning information;

(d) Object tracking;

(e) Forecasting;

(f) The ability to subscribe to high resolution imagery from earth and space-based telescopes;

(g) Live image overlay and recording ability; and

(h) Optical modulation measurement.

14.

Defendant Google took the concepts and ideas originally presented by Plaintiff and, without any notice or credit being extended to Plaintiff, used them as its own.

15.

Defendant Google did this despite the fact that Plaintiff, when making application for contractor work with Defendant WorkforceLogic USA, made disclosure of his previously developed Sky idea and concept.

# COUNT ONE

## Misappropriation of Concept and Idea

16.

The allegations contained in paragraphs 1 through 15 of Plaintiff's Complaint are incorporated herein by reference as if each of said paragraphs was restated and re-alleged in its entirety.

17.

Defendant Google misappropriated the concept and idea which Plaintiff presented and did so without permission from, notice to or credit given Plaintiff.

18.

Defendant Google advertises its interest in encouraging and rewarding the submission of innovative ideas and refinements to its programs and services from the large block of direct and contract employees who work with and for it. This interest has been publicized by Defendant Google in internal and external communications directed to prospective contributors. One recent example, announced in November 2007, is Google's plan to award the sum of $10 Million to employees or others who succeed in

building the best software for enhancing the company's upcoming cell phone operating system. Google is engaged in an effort to develop its own telephone system which can challenge other telecommunications providers and to use that product as a platform for selling additional ads and services.

19.

Defendant Google's conduct in using Plaintiff's Sky program without permission from, notice to, or credit and compensation given to Plaintiff constitutes a tortious misappropriation of Plaintiff's original concepts and ideas.

20.

Such actions represent a violation of Defendant Google's publicized corporate motto, "Do No Evil."

21.

As a direct and proximate result of Defendant's wrongful and unlawful actions, Plaintiff has suffered damages in an amount to be determined at a trial of this action. Defendant Google is responsible for all damages which Plaintiff has suffered.

22.

Defendant has acted in bad faith, has been stubbornly litigious and has put Plaintiff to unnecessary trouble and expense. Under and by virtue of O.C.G.A. Section 13-6-11, Plaintiff is entitled to the recovery of his reasonable attorneys' fees and expenses of litigation.

23.

The actions of Defendant Google evidence bad faith, malice, oppression, willful misconduct and an entire want of care sufficient to demonstrate a conscious indifference to consequences. Accordingly, Plaintiff is entitled to recover punitive damages in an amount to be determined by the enlightened conscience of the jury but in an amount not less than $25 Million.

## COUNT TWO

## Fraud And Fraudulent Inducement Under

## Principles Of Georgia Law

24.

The allegations set forth in paragraphs 1 through 23 of Plaintiff's Complaint are incorporated herein by reference as if each of said paragraphs was restated and re-alleged in its entirety.

25.

By expressly encouraging employees, contract employees, contractors and others to provide innovative ideas and refinements for new and existing Google programs, Defendant Google induced Plaintiff to submit his previously developed concept and idea for Google Sky to a proper internal Google company e-mail discussion group. Defendant extended to Plaintiff an incentive to assist the company in building and expanding its programs and services through an investment of his intellectual capital, energy and ideas. By misappropriating, using and extending Plaintiff's concept and idea without providing credit and compensation to Plaintiff, Defendant Google has engaged in fraud and fraudulent inducement under principles of Georgia law.

26.

As a direct and proximate result of Defendant Google's wrongful and unlawful conduct, Plaintiff has suffered damages in an amount to be determined at a trial of this action. Defendant Google is responsible for all damages which Plaintiff has suffered.

27.

Defendant Google has acted in bad faith, has been stubbornly litigious and has been put Plaintiff to unnecessary trouble and expense. Under and by virtue of O.C.G.A. Section 13-6-11, Plaintiff is entitled to recover his reasonable attorneys' fees and expenses of litigation.

28.

The actions of Defendant Google evidence bad faith, malice, oppression, willful misconduct and an entire want of care sufficient to demonstrate a conscious indifference to consequences. Accordingly, Plaintiff is entitled to recover punitive damages in an amount to be determined by the enlightened conscience of the jury but in an amount not less than $25 Million.

# COUNT THREE

## Conspiracy To Commit Fraud

## And Fraudulent Inducement

29.

The allegations contained in paragraphs 1 through 28 of Plaintiff's Complaint are incorporated herein by reference as if each of said paragraphs was restated and re-alleged in its entirety.

30.

Defendant WorkforceLogic USA was retained by Defendant Google to hire individuals in Georgia and elsewhere who could perform services benefiting Google. Defendant WorkforceLogic took the application of Plaintiff to become its contract employee. As part of the application process, Plaintiff was asked to disclose his previously developed concepts and ideas, which Plaintiff did.

31.

As part of the application process, Plaintiff disclosed his conception and idea for Google Sky.

32.

Defendants, jointly and severally, induced Plaintiff to present, advance and refine his concept and idea while also working to deprive Plaintiff of any opportunity to receive credit or compensation for it. Such conduct constitutes a conspiracy to commit fraud and fraudulent inducement under principles of Georgia law.

33.

As a direct and proximate result of the wrongful and unlawful actions of Defendants, jointly and severally, Plaintiff has suffered damages in an amount to be determined at the trial of this action. Defendants, jointly and severally, are liable for all damages which Plaintiff has suffered.

34.

Defendants, jointly and severally, have acted in bad faith, have been stubbornly litigious and have put Plaintiff to unnecessary trouble and expense. Accordingly, under and by virtue of O.C.G.A. Section 13-6-11 Plaintiff is entitled to recover his reasonable attorneys' fees and expenses of litigation.

35.

The actions of Defendants, jointly and severally, evidence bad faith, malice, oppression, willful misconduct, and an entire want of care sufficient to evidence a conscious indifference to consequences. Accordingly, Plaintiff is entitled to recover punitive damages in an amount to be determined by the enlightened conscience of the jury but in an amount not less than $25 Million.

**COUNT FOUR**

**Claim For Unjust Enrichment And Implied Contract**

36.

The allegations contained in paragraphs 1 through 35 of Plaintiff's Complaint are incorporated herein by reference as if each of said paragraphs was restated and re-alleged in its entirety.

37.

Defendant Google induced and encouraged Plaintiff to present his concept and idea for Sky and proceeded to incorporate it into its programs and services, giving rise to an implied contract with Plaintiff. However,

Defendant Google proceeded to deprive Plaintiff of any credit and compensation relating to his submission.

38.

Defendant Google has unjustly enriched itself at Plaintiff's expense and in derogation of the aforementioned implied contract.

39.

As a direct and proximate result of the wrongful and unlawful actions of Defendant Google, Plaintiff has suffered damages in an amount to be determined at the trial of this action, which damages shall include the value of his contribution to Defendant Google. Defendant Google is liable for all damages which Plaintiff has suffered.

40.

Defendant Google has acted in bad faith, has been stubbornly litigious and has put Plaintiff to unnecessary trouble and expense. Accordingly, under and by virtue of O.C.G.A. Section 13-6-11 Plaintiff is entitled to recover his reasonable attorneys' fees and expenses of litigation.

41.

The actions of Defendant Google evidence bad faith, malice, oppression, willful misconduct, and an entire want of care sufficient to evidence a conscious indifference to consequences. Accordingly, Plaintiff is entitled to recover punitive damages in an amount to be determined by the enlightened conscience of the jury but in an amount not less than $25 Million.

## COUNT FIVE

**Claim for Conversion**

42.

The allegations contained in paragraphs 1 through 41 of Plaintiff's Complaint are incorporated herein by reference as if each of said paragraphs was restated and re-alleged in its entirety.

43.

Defendant Google converted the concept and idea which Plaintiff presented without extending notice, credit and compensation to Plaintiff.

44.

Defendant Google's conduct in using Plaintiff's Sky concept and idea without permission from, notice to, and credit and compensation given to Plaintiff constitutes conversion under principles of Georgia law.

45.

As a direct and proximate result of Defendant's wrongful and unlawful actions, Plaintiff has suffered damages in an amount to be determined at a trial of this action. Defendant Google is responsible for all damages which Plaintiff has suffered.

46.

Defendant has acted in bad faith, has been stubbornly litigious and has put Plaintiff to unnecessary trouble and expense. Under and by virtue of O.C.G.A. Section 13-6-11, Plaintiff is entitled to the recovery of his reasonable attorneys' fees and expenses of litigation.

47.

The actions of Defendant Google evidence bad faith, malice, oppression, willful misconduct and an entire want of care sufficient to

demonstrate a conscious indifference to consequences. Accordingly, Plaintiff is entitled to recover punitive damages in an amount to be determined by the enlightened conscience of the jury but in an amount not less than $25 Million.

**WHEREFORE,** Jonathan Cobb, Plaintiff, respectfully prays and demands:

(1) that process issue as provided by law;

(2) that Plaintiff have judgment against Defendants as provided in Counts One through Five;

(3) that Plaintiff recover his reasonable attorneys' fees and expenses of litigation;

(4) that Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of the jury;

(5) that all costs of this action be cast upon Defendants;

(6) that Plaintiff have a trial of this action before a jury of his peers; and

(7) that Plaintiff have such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Michael Alan Dailey*
Michael Alan Dailey
Georgia Bar No. 203250

**ANDERSON DAILEY LLP**
2002 Summit Boulevard
Suite 1250
Atlanta, Georgia 30319
404 442 1800 voice
404 442 1820 data
mdailey@andersondailey.com

Gary Hill
Georgia Bar No. 353750
**HILL AND BLEIBERG**
47 Perimeter Center
Atlanta, Georgia 30346
770 394 7800 (telephone)
ghill@hillandbleiberg.com

ATTORNEYS FOR PLAINTIFF

OF COUNSEL:
Joan Dillon
Georgia Bar No. 222120
**JOAN DILLON LAW LLC**
3522 Ashford Dunwoody Road
PMB 235
Atlanta, Georgia 30319
404 257 1708 (telephone)
joan@joandillonlaw.com