# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JONATHAN COBB,

                Plaintiff,

                v.

GOOGLE INC. and
WORKFORCELOGIC,

                Defendants.

Case No. 1:08-CV-0483 (MHS)

## DEFENDANT GOOGLE INC.'S ANSWER TO
## THE FIRST AMENDED COMPLAINT

Defendant Google Inc. ("Google"), through its attorneys, hereby raises affirmative defenses and answers the First Amended Complaint, denying each and every allegation not specifically admitted herein, as follows:

## FIRST DEFENSE

The Complaint fails to state a claim on which relief can be granted.

## SECOND DEFENSE

The Complaint fails to plead allegations of fraud with sufficient particularity.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and laches.

### FIFTH DEFENSE

Plaintiff's claims are barred by the Confidential Information and Invention Assignment Agreement for Non-Employees (executed February 13, 2006).

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of consent.

### SEVENTH DEFENSE

Google reserves the right to allege other affirmative defenses as they may become known during the course of discovery, and hereby specifically reserves the right to amend its answer to allege such affirmative defenses at such time as they become known.

## **EIGHTH DEFENSE**

Google hereby adopts and incorporates by reference any and all other affirmative defenses asserted, or to be asserted, by any other defendant to the extent such affirmative defenses apply to Google.

## **ANSWER**

Answering the enumerated averments contained in Plaintiff Cobb's First Amended Complaint, Defendant Google shows as follows:

1.

Google lacks knowledge or information sufficient to form a belief as to the truth of paragraph 1.

2.

The first, second, and third sentences of paragraph 2 are admitted.  The fourth sentence of paragraph 4 contains a jurisdictional conclusion to which neither an admission nor denial is required.

3.

Google lacks knowledge or information sufficient to form a belief as to the truth of paragraph 3.

4.

The first and second sentences of paragraph 4 contain jurisdictional conclusions as to which neither an admission nor a denial is required. The third sentence of paragraph 4 is admitted only to the extent that Google transacts business within the state of Georgia; the remainder of the third sentence of paragraph 4 is denied. The fourth sentence is denied. The fifth sentence of paragraph 4 is admitted only to the extent that Google transacts business within the state of Georgia; the remainder of the fifth sentence of paragraph 4 calls for a jurisdictional conclusion as to which neither an admission nor a denial is required. The sixth sentence call for jurisdictional conclusions as to which neither an admission nor a denial is required.

5.

The first sentence of paragraph 5 contains legal conclusions to which neither an admission nor a denial is required. Google lacks knowledge or information sufficient to form a belief as to the truth of the second or third sentences of paragraph 5. To the extent the second and third sentences contain conclusions of law, neither an admission nor denial is required.

6.

Google admits that its innovative search technologies connect millions of people around the world with information every day.  Google admits that the company was founded in 1998 and today is a top web property in all major global markets.  Google admits that its targeted advertising program provides businesses of all sizes with measurable results, while enhancing the overall web experience for users.  Google admits that it is headquartered in Silicon Valley with offices throughout the Americas, Europe and Asia.  To the extent any allegation in paragraph 6 is not expressly admitted, it is denied.

7.

Google admits that among the programs offered by Google is "Google Earth."  Google admits that it asserts that "Google Earth" is a trademark of Google Inc. in the United States and other countries.

8.

Google admits that it issued a press release on August 22, 2007, that announced the launch of Sky, a new feature that enables users of Google Earth to view the sky as seen from planet Earth.

9.

Google admits that it issued a press release on August 22, 2007, that stated: "With Sky, users can now float through the skies via Google Earth. This easy-to-use tool enables all Earth users to view and navigate through 100 million individual stars and 200 million galaxies. High resolution imagery and informative overlays create a unique playground for visualizing and learning about space."

10.

Google admits that it issued a press release on August 22, 2007, that stated: "The interface and navigation [of Google Sky] are similar to that of standard Google Earth steering, including dragging, zooming, search, 'My Places,' and layer selection."

11.

Google admits that it issued a press release on August 22, 2007, that stated: "The Backyard Astronomy layer lets users click through a variety of placemarks and information on stars, galaxies, and nebulae visible to the eye, binoculars and small telescopes. This layer is useful for the amateur astronomer who may benefit from a comprehensive, organized way to reference fragments of the night sky."

12.

The first sentence of paragraph 12 is admitted only to the extent that Plaintiff worked as a temporary worker at Google, in Georgia, through WorkforceLogic, in 2006.  Google lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the first sentence of paragraph 12.  Google lacks knowledge or information sufficient to form a belief as to the truth of the second sentence of paragraph 12.

13.

Denied.

14.

Denied.

15.

Google admits that Plaintiff completed certain information as part of his application for temporary work.  Google lacks knowledge or information sufficient to form a belief as to the truth of the remainder of paragraph 15.

## COUNT ONE
## Misappropriation of Concept and Idea

16.

Google repeats and incorporates by reference each and every response from paragraphs 1 through 15, above, as if fully set forth herein.

17.

Google denies the allegations in paragraph 17 of the Complaint. To the extent paragraph 17 contains conclusions of law, neither an admission nor denial is required.

18.

Google admits that it has stated that its culture encourages the iteration of ideas to address complex technical challenges, and that it embraces individual thinking and creativity. Google further admits that it has stated that, while teamwork is one of its core values, it also significantly rewards individual accomplishments that contribute to its overall success. To the extent any allegations in the first and second sentences of paragraph 18 are not expressly admitted, they are denied. Google admits that it issued a press release on November 12, 2007, that "announced the Android Developer Challenge, which will provide $10 million to developers who build mobile applications for Android™, the first complete, open, and free mobile platform. The Challenge is designed to support the developer community and spark innovation on the Android platform by awarding cash prizes ranging from $25,000 to $275,000 to developers whose applications are picked by a panel of judges." To the extent any allegation in the third sentence of paragraph 18 is not expressly admitted, it is denied.

Google admits that it issued a press release on November 5, 2007, that stated: "A broad alliance of leading technology and wireless companies today joined forces to announce the development of Android, the first truly open and comprehensive platform for mobile devices. Google Inc., T-Mobile, HTC, Qualcomm, Motorola and others have collaborated on the development of Android through the Open Handset Alliance, a multinational alliance of technology and mobile industry leaders." To the extent any allegation in the fourth sentence of paragraph 18 is not expressly admitted, it is denied.

19.

Google denies the allegations in paragraph 19 of the Complaint. To the extent paragraph 19 contains conclusions of law, neither an admission nor denial is required.

20.

Google denies the allegations in paragraph 20 of the Complaint. To the extent paragraph 20 contains conclusions of law, neither an admission nor denial is required.

21.

Google denies the allegations in paragraph 21 of the Complaint. To the extent paragraph 21 contains conclusions of law, neither an admission nor denial is required.

22.

Google denies the allegations in paragraph 22 of the Complaint. To the extent paragraph 22 contains conclusions of law, neither an admission nor denial is required.

23.

Google denies the allegations in paragraph 23 of the Complaint. To the extent paragraph 23 contains conclusions of law, neither an admission nor denial is required.

**COUNT TWO**
**Fraud and Fraudulent Inducement Under Principles of Georgia Law**

24.

Google repeats and incorporates by reference each and every response from paragraphs 1 through 23, above, as if fully set forth herein.

25.

Google denies the allegations in paragraph 25 of the Complaint. To the extent paragraph 25 contains conclusions of law, neither an admission nor denial is required.

26.

Google denies the allegations in paragraph 26 of the Complaint. To the extent paragraph 26 contains conclusions of law, neither an admission nor denial is required.

27.

Google denies the allegations in paragraph 27 of the Complaint. To the extent paragraph 27 contains conclusions of law, neither an admission nor denial is required.

28.

Google denies the allegations in paragraph 28 of the Complaint. To the extent paragraph 28 contains conclusions of law, neither an admission nor denial is required.

**COUNT THREE**
**Conspiracy to Commit Fraud and Fraudulent Inducement**

29.

Google repeats and incorporates by reference each and every response from paragraphs 1 through 28, above, as if fully set forth herein.

30.

Google admits that it retained WorkforceLogic to hire individuals in Georgia and elsewhere to perform services benefiting Google. Google admits that Plaintiff applied to Workforce Logic for employment as a temporary worker at Google and completed application papers. Google lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the second sentence of paragraph 30. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of paragraph 30.

31.

Google lacks knowledge or information sufficient to form a belief as to the truth of paragraph 31.

32.

Google denies the allegations in paragraph 32 of the Complaint. To the extent paragraph 32 contains conclusions of law, neither an admission nor denial is required.

33.

Google denies the allegations in paragraph 33 of the Complaint. To the extent paragraph 33 contains conclusions of law, neither an admission nor denial is required.

34.

Google denies the allegations in paragraph 34 of the Complaint. To the extent paragraph 34 contains conclusions of law, neither an admission nor denial is required.

35.

Google denies the allegations in paragraph 35 of the Complaint. To the extent paragraph 35 contains conclusions of law, neither an admission nor denial is required.

**COUNT FOUR**
**Claim for Unjust Enrichment and Implied Contract**

36.

Google repeats and incorporates by reference each and every response from paragraphs 1 through 35, above, as if fully set forth herein.

37.

Google denies the allegations in paragraph 37 of the Complaint.  To the extent paragraph 37 contains conclusions of law, neither an admission nor denial is required.

38.

Google denies the allegations in paragraph 38 of the Complaint.  To the extent paragraph 38 contains conclusions of law, neither an admission nor denial is required.

39.

Google denies the allegations in paragraph 39 of the Complaint.  To the extent paragraph 39 contains conclusions of law, neither an admission nor denial is required.

40.

Google denies the allegations in paragraph 40 of the Complaint.  To the extent paragraph 40 contains conclusions of law, neither an admission nor denial is required.

41.

Google denies the allegations in paragraph 41 of the Complaint.  To the extent paragraph 41 contains conclusions of law, neither an admission nor denial is required.

## COUNT FIVE
## Claim for Conversion

42.

Google repeats and incorporates by reference each and every response from paragraphs 1 through 41, above, as if fully set forth herein.

43.

Google denies the allegations in paragraph 43 of the Complaint.  To the extent paragraph 43 contains conclusions of law, neither an admission nor denial is required.

44.

Google denies the allegations in paragraph 44 of the Complaint.  To the extent paragraph 44 contains conclusions of law, neither an admission nor denial is required.

45.

Google denies the allegations in paragraph 45 of the Complaint. To the extent paragraph 45 contains conclusions of law, neither an admission nor denial is required.

46.

Google denies the allegations in paragraph 46 of the Complaint. To the extent paragraph 46 contains conclusions of law, neither an admission nor denial is required.

47.

Google denies the allegations in paragraph 47 of the Complaint. To the extent paragraph 47 contains conclusions of law, neither an admission nor denial is required.

Google denies that plaintiff is entitled to a judgment or to any other relief as requested in the unnumbered "WHEREFORE" paragraphs and subparagraphs following paragraph 47.

Google further denies each and every caption and averment contained in the First Amended Complaint that is not expressly admitted above.

WHEREFORE, having fully answered, defendant Google prays for relief from the Court as follows:

(i)     For the dismissal, with prejudice, of the First Amended Complaint, and for judgment against Plaintiff Jonathan Cobb on all claims alleged against Google;

(ii)    For the recoverable costs of its suit and other expenses; and

(iii)   For such other relief as the court deems fair and proper.


Respectfully submitted, this 28th day of March, 2008.

/s/ Eric P. Schroeder
Eric P. Schroeder
(Georgia Bar No. 629880)
R. Joseph Burby, IV
(Georgia Bar No. 094503)
John C. Bush
(Georgia Bar No. 413159)
**POWELL GOLDSTEIN LLP**
One Atlantic Center
Fourteenth Floor
Atlanta, Georgia 30309
(404) 572-6600
(404) 572-6999
eschroeder@pogolaw.com

Laurie Edelstein
(Admitted *Pro Hac Vice*)
Michael A. Zwibelman
(Admitted *Pro Hac Vice*)
David Ziff
(Admitted *Pro Hac Vice*)
**BRUNE & RICHARD LLP**
235 Montgomery Street
Suite 1130
San Francisco, CA  94104
(415) 563-0600
(415) 563-0613 (facsimile)
mzwibelman@bruneandrichard.com

**Attorneys for Defendant Google Inc.**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JONATHAN COBB,<br><br>              Plaintiff,<br><br>                    v.<br><br>GOOGLE INC. and<br>WORKFORCELOGIC,<br><br>              Defendants. | Case No. 1:08-CV-0483 (MHS) |

## LR 7.1(D) CERTIFICATE OF FONT COMPLIANCE

I hereby certify that the foregoing has been prepared with one of the font and

point selections approved by the Court in N.D. Ga. Local Rule 5.1(C), specifically

Times New Roman 14 pt.


                              /s/ Eric P. Schroeder
                              Eric P. Schroeder

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JONATHAN COBB,<br><br>                        Plaintiff,<br><br>                             v.<br><br>GOOGLE INC. and<br>WORKFORCELOGIC,<br><br>                Defendants. | | Case No. 1:08-CV-0483 (MHS) |

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2008, a copy of Defendant Google Inc.'s

Answer to the First Amended Complaint was electronically filed with the Clerk of

Court using the CM/ECF system which will automatically send notification of such

filing to the following attorneys of record:

Michael Alan Dailey
**ANDERSON DAILEY LLP**
2002 Summit Boulevard
Suite 1250
Atlanta, Georgia 30319
404-442-1800
404-442-1820 (facsimile)
mdailey@andersondailey.com

Gary Hill
**HILL AND BELIBERG**
47 Perimeter Center
Atlanta, Georgia 30346
770-394-7800
ghill@hillandbleiberg.com

Joan Dillon
**JOAN DILLON LAW LLC**
3522 Ashford Dunwood Road
PMB 235
Atlanta, Georgia 30319
404-257-1708
joan@joandillonlaw.com

Charlotte K. McClusky
John C. Fish
**LITTLER MENDELSON, P.C.**
3348 Peachtree Road, N.E.
Suite 1100
Atlanta, Georgia 30326-1008
404-233-0330
404-233-2361 (facsimile)

/s/ Eric P. Schroeder
Eric P. Schroeder