# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JONATHAN COBB<br><br>                Plaintiff,<br><br>        v.<br><br>GOOGLE INC. and<br>WORKFORCE LOGIC LLC,<br><br>                Defendants. | Case No. 1:08-CV-0483 (MHS) |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.** **Description of Case:**

    (a)  <u>Describe briefly the nature of this action.</u>

Plaintiff Jonathan Cobb has brought Georgia state law claims for (1) misappropriation, (2) fraud and fraudulent inducement, (3) conspiracy to commit fraud and fraudulent inducement, (3) unjust enrichment/implied contract, and (4) conversion. Defendants deny the allegations and any liability to Mr. Cobb.

    (b)  <u>Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.</u>

        (1)  *Plaintiff's Presentation of the Facts (Submitted by Plaintiff Only)*

Beginning in 2006, Plaintiff Jonathan Cobb worked in Georgia as a contractor through Workforce Logic LLC, providing services for the benefit of Google Inc. Responding to the stated interest of Google Inc. in encouraging and rewarding the submission of innovative ideas and refinements to its programs and services, Plaintiff convened an internal Google e-mail discussion group in which

he presented, advanced and refined the Google Sky concept and idea. When forming the e-mail discussion group, Plaintiff listed as members of the group certain employees of Defendant Google who had managerial or operational responsibility for Google Earth and related programs.

Among the features presented and proposed by Plaintiff for a program to be entitled Google Sky were the following:

(a) An interface similar to that of Google Earth with upgrades, including the presentation of a Day and Night view and related space imagery;

(b) An interface with differing telescope control systems;

(c) Access to and the ability to use GPS devices for positioning information;

(d) Object tracking;

(e) Forecasting;

(f) The ability to subscribe to high resolution imagery from earth and space-based telescopes;

(g) Live image overlay and recording ability; and

(h) Optical modulation measurement.

Plaintiff alleges that Defendant Google, working in concert with Defendant Workforce Logic LLC, took the concepts and ideas presented by Plaintiff, and without notice or credit extended to him, used them as its own.

(2) *Defendants' Response*

Defendants deny the allegations and any liability to Mr. Cobb.

(c) The legal issues to be tried are as follows:

(1) *Plaintiff's Listing of Issues to be Tried (Submitted by Plaintiff Only)*

   i) Whether Google Inc. misappropriated the ideas and concepts of Plaintiff;

   ii) Whether Google Inc. engaged in fraud and fraudulent inducement;

   iii) Whether Workforce Logic LLC and Google Inc. engaged in fraud and fraudulent inducement by way of conspiracy;

   iv) Whether Google Inc. is liable to Plaintiff for unjust enrichment and breach of implied contract;

   v) Whether Google Inc. converted the concept and ideas of Plaintiff;

   vi) What amount of damages are Defendants liable to Plaintiff;

   vii) Whether Defendants are liable to Plaintiff for his reasonable attorneys' fees and expenses of litigation; and

   viii) Whether Defendants are liable to Plaintiff for punitive damages.

(2) *Defendants' Response*

Defendants expect there will be no material issues of fact, and that all claims — misappropriation, fraud and fraudulent inducement, conspiracy, unjust enrichment, implied contract, and conversion — will be resolved in defendants' favor on summary judgment as a matter of law. Defendants also expect to resolve in their favor at summary judgment the applicability of the Confidential Information and Invention Assignment Agreement for Non-Employees, executed by Mr. Cobb on February 13, 2006.

(d) The cases listed below (include both style and action number) are:

(1) *Pending Related Cases:* N/A

(2) *Previously Adjudicated Related Cases:* N/A

**2.     This case is complex because it possesses one (1) or more of the features listed below (please check):**

|        |                                                              |
| ------ | ------------------------------------------------------------ |
| _____  | (1) Unusually large number of parties                        |
| _____  | (2) Unusually large number of claims or defenses             |
| _____  | (3) Factual issues are exceptionally complex                 |
| _____  | (4) Greater than normal volume of evidence                   |
| __X__  | (5) Extended discovery period is needed                      |
| _____  | (6) Problems locating or preserving evidence                 |
| _____  | (7) Pending parallel investigations or action by government  |
| _____  | (8) Multiple use of experts                                  |
| _____  | (9) Need for discovery outside United States boundaries      |
| _____  | (10) Existence of highly technical issues and proof          |

**3.     Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff Jonathan Cobb:

>    Michael A. Dailey
>    Anderson Dailey LLP
>    2002 Summit Boulevard, Suite 1250
>    Atlanta, GA 30319

Defendant Google Inc:

>    Laurie Edelstein
>    Michael A. Zwibelman
>    Brune & Richard, LLP
>    235 Montgomery Street, Suite 1130
>    San Francisco, CA 94104

Defendant Workforce Logic:

> John C. Fish, Jr.
> Littler Mendelson
> 650 California Street, 20th Floor
> San Francisco, CA 94108

**4.      Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

_____ Yes   **X** No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.      Parties to This Action:**

(a)      <u>The following persons are necessary parties who have not been joined:</u>

   N/A

(b)      <u>The following persons are improperly joined as parties:</u>

   N/A

(c)      <u>The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:</u>

The proper name for Defendant Workforce Logic is Workforce Logic LLC, a Delaware Corporation.

(d)      The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder or parties or errors in the statement of a party's name.

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Rule 15, Federal Rules of Civil Procedure. Further instructions regarding amendments are contained in LR 15.

- (a) <u>List separately any amendments to the pleadings which the parties anticipate will be necessary:</u>

   The parties do not anticipate any amendments at this time.

- (b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary report and discovery schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: Before the close of discovery or within the extension period allowed in some instances. Local Rules 37.1.

(b) *Summary Judgment Motions*: Summary judgment motions shall be filed on or before the date set forth in the Scheduling Order below.

(c) *Other Limited Motions*: Refer to Local Rules 7.2; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions shall be filed on or before the date set forth in the Scheduling Order below.

8. **Initial Disclosures:**

<u>The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that the initial disclosures are not appropriate, state the party and basis for the party's objection</u>:

In lieu of initial disclosures, the parties have agreed to exchange the required information as part of each party's first set of discovery requests and responses.

9. **Request for Scheduling Conference:**

<u>Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party?</u>

The parties do not request a scheduling conference at this time.

10. **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

<u>Please state below the subjects on which discovery may be needed</u>:

The parties may seek discovery related to the nature and scope of plaintiff's alleged concept and idea, and whether Google, as alleged, misappropriated that concept and idea. The parties also may seek discovery related to plaintiff's allegations of fraud, fraudulent inducement, conspiracy, unjust enrichment, implied contract, and conversion.

<u>If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below</u>:

In order to accommodate the professional and personal commitments of counsel and all parties, the parties respectfully request that the discovery period proceed as set forth in the proposed Scheduling Order below.

**11.     Discovery Limitation**

<u>What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?</u>

Other than the scheduling changes identified in the Scheduling Order below, the parties request no other changes to the discovery rules at this time.

**12.     Other Orders**

<u>What other orders do the parties think that the Court should enter under Rule 26(c) or Rule 16(b) and (c)?</u>

Other than the scheduling changes identified in the Scheduling Order below, the parties request no additional orders at this time. In the coming weeks, the parties expect to submit a proposed protective order governing the dissemination and use of confidential information.

**13.     Settlement Potential:**

(a)     Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on April 11, 2008. The topic of settlement was raised but not discussed in any depth.

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(____) A possibility of settlement before discovery.

(____) A possibility of settlement after discovery.

(____) A possibility of settlement, but a conference with the judge is needed.

(**X**) No possibility of settlement.

(c) Counsel (____) do or (**X**) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case:

The parties do not report any specific problems at this time.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties do ___ consent to having this case tried before a Magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court this ___ day of _____, 2008.

(b) The parties **X** do not consent to having this case tried before a magistrate judge of this Court.

* * * * * * * * * * * *
## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this court, except as herein modified and except as set forth in the following schedule:

| **Event/Filing** | **Deadline** |
|---|---|
| Plaintiffs' Expert Disclosures & Report | October 10, 2008 |
| Defendants' Expert Disclosures & Report | October 17, 2008 |
| Rebuttal Expert Disclosures & Report | November 14, 2008 |
| Close of Discovery | December 29, 2008 (*i.e.*, 8 months after discovery opens) |
| Motions for Summary Judgment | February 6, 2009 |
| Oppositions to Summary Judgment | February 27, 2009 |
| Reply Briefs re: Summary Judgment | March 13, 2009 |

| | |
|---|---|
| Motions Objecting to Expert Testimony (Daubert Motions) | 21 calendar days after Court's adjudication of summary judgment motions |
| Joint Pretrial Order | 21 calendar days after adjudication of the parties' summary judgment motions, or 21 calendar days after adjudication of the parties' Daubert motions, whichever is later. |

IT IS SO ORDERED, this _____ day of _____, 2008.

_____
The Honorable Marvin H. Shoob
United States District Judge

Submitted and consented to on May 5, 2008, by:

/s/ Michael A. Dailey
Michael A. Dailey
**ANDERSON DAILEY LLP**
2002 Summit Boulevard
Suite 1250
Atlanta, Georgia 30319
404-442-1800
404-442-1820 (facsimile)
mdailey@andersondailey.com

/s/ Gary Hill
Gary Hill
**HILL AND BLEIBERG**
47 Perimeter Center
Atlanta, Georgia 30346
770-394-7800
ghill@hillandbleiberg.com

/s/ Joan Dillon_____
Joan Dillon
**JOAN DILLON LAW LLC**
3522 Ashford Dunwood Road
PMB 235
Atlanta, Georgia 30319
404-257-1708
joan@joandillonlaw.com

**Attorneys for Plaintiff Jonathan Cobb**


/s/ Eric P. Schroeder
Eric P. Schroeder (Georgia Bar No. 629880)
R. Joseph Burby, IV (Georgia Bar No. 094503)
John C. Bush (Georgia Bar No. 413159)
**POWELL GOLDSTEIN LLP**
One Atlantic Center
Fourteenth Floor
Atlanta, Georgia 30309
(404) 572-6600
(404) 572-6999
eschroeder@pogolaw.com

/s/ Michael A. Zwibelman
Laurie Edelstein (Admitted *Pro Hac Vice*)
Michael A. Zwibelman (Admitted *Pro Hac Vice*)
David Ziff (Admitted *Pro Hac Vice*)
**BRUNE & RICHARD LLP**
235 Montgomery Street
Suite 1130
San Francisco, CA  94104
(415) 563-0600
(415) 563-0613 (facsimile)
mzwibelman@bruneandrichard.com

**Attorneys for Defendant Google Inc.**

/s/ Charlotte K McClusky
Charlotte K. McClusky (Georgia Bar No. 484223)
John C. Fish (Admitted *Pro Hac Vice*)
Ronald D. Arena (Admitted *Pro Hac Vice*)
**LITTLER MENDELSON, P.C.**
3348 Peachtree Road, N.E.
Suite 1100
Atlanta, Georgia 30326-1008
(404) 233-0330
(404) 233-2361 (facsimile)

**Attorneys for Defendant Workforce Logic**