FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 2 3 2008

JAMES N. HATTEN, Clerk
By: _____
                Deputy Clerk

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JONATHAN COBB

                    Plaintiff,

                                    v.                Case No. 1:08-CV-0483 (MHS)

GOOGLE INC. and
WORKFORCE LOGIC LLC,

                    Defendants.

## PROTECTIVE ORDER LIMITING THE USE AND DISSEMINATION OF CONFIDENTIAL MATERIAL

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and with the

consent of the parties by and through their undersigned counsel, the Court hereby

issues the following Protective Order Limiting the Use and Dissemination of

Confidential Material ("Order"):

### FINDINGS

Plaintiff Jonathan Cobb ("plaintiff") and Defendants Google Inc. and

Workforce Logic LLC ("defendants") possess certain confidential information

and/or information that contains or consists of trade secrets, confidential research,

development, and/or commercial information within the meaning of Rule 26(c) of

the Federal Rules of Civil Procedure. Public dissemination or other general release of such information could severely injure or damage defendants and place them at a competitive disadvantage. The undersigned parties therefore agree that, in order to facilitate and expedite discovery in this matter, such information shall not be made public or otherwise disseminated except as set forth in this Order.

In light of the need for confidentiality and the parties' agreement thereto, the Court FINDS that good cause exists for issuance of this Order pursuant to Rule 26(c) of Federal Rules of Civil Procedure, and hereby ORDERS that the following procedures shall be employed for the protection of confidential information:

<u>DEFINITIONS</u>

1.      As used in this Order, the term "party" shall mean all named parties to this action, including any named party added or joined to any complaint in this action. The term "third party" shall mean any other individual, corporation, association, or other natural person or entity.

2.      This Order shall govern all documents produced and information supplied in any form in this action for purposes of discovery or otherwise, including, but not limited to, documents and information voluntarily produced or provided by a party, produced or otherwise revealed in discovery, disclosed

through testimony, or contained in pleadings, briefs, exhibits, attachments, or other documents filed with the Court.

3.   The term "documents" as used herein is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure, and shall include all written, oral, recorded, or graphic material, however produced or reproduced, including, but not limited to:  all written or printed matter of any kind, including the originals and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise; computer data, including, but not limited to, information stored in a computer at any time; all graphic or manual records or representations of any kind, including, but not limited to, photographs, microfiche, microfilm, videotape, records, and motion pictures; electronic, mechanical, or electric records or representations of any kind, including, but not limited to, cassettes, discs, magnetic cards and recordings, optical and other media; and all drafts, alterations, modifications, changes, and amendments to any of the foregoing.

4.   As used in this Order, the term "Confidential Material" means any document or information supplied in any form, or any portion thereof, which contains confidential research, development, or commercial information, including

but not limited to any documents or information that constitute confidential

technical, sales, marketing, financial, or other commercially sensitive information

of any party or third party, and which is designated as Confidential Material for

purposes of this litigation. A designation by a party or third party of "Confidential

Material" shall constitute a representation to the Court that counsel believes in

good faith that the information constitutes Confidential Material. The parties and

third parties shall make a good faith effort to designate information so as to

provide the greatest level of disclosure possible, but still preserve confidentiality as

appropriate. A party or third party designating information as Confidential

Material shall mark each page of the document containing such material as

"Subject to Confidentiality Order." The date of this Order may be included in the

confidentiality stamp.

5.　　As used in this Order, the term "Highly Confidential Material" means

any document or information supplied in any form, or any portion thereof, the

disclosure of which a party or third party reasonably believes is likely to cause

harm to the competitive position of the producing party or third party. "Highly

Confidential Material" includes but shall not be limited to any document or

information that constitutes proprietary marketing, financial, sales, web traffic,

research and development, or technical data/information or commercially sensitive

competitive information, including without limitation confidential information obtained from a nonparty pursuant to a current nondisclosure agreement, confidential information relating to future products not yet commercially released, strategic plans, and settlement agreements or settlement communications. A designation by a party or third party of "Highly Confidential Material" shall constitute a representation to the Court that counsel believes in good faith that the information constitutes Highly Confidential Material. The parties and non-parties shall make a good faith effort to designate information so as to provide the greatest level of disclosure possible, but still preserve confidentiality as appropriate. A party or third party designating information as Highly Confidential Material shall mark each page of the document containing such material as "Highly Confidential -- Subject to Confidentiality Order." The date of this Order may be included in the confidentiality stamp.

6. "Confidential Material" and "Highly Confidential Material" may be collectively referred to herein as "Protected Material."

## DISCLOSURE OF PROTECTED MATERIAL

7. Except as provided in Paragraph 23 below, Confidential Material may be disclosed only to the following persons (hereafter "Qualified Persons"):

    a) the parties;

b)     the parties' in-house counsel and outside counsel, including in-house counsel's paralegals, clerical, and support personnel, and outside counsel's partners, associates, paralegals, clerical, and support personnel;

c)     the Court and all persons assisting the Court in this action, including court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof;

d)     persons retained as consultants or experts by any party solely for purposes of this litigation, and principals and employees of the firms with which consultants or experts are associated (but excluding any person regularly employed or engaged by a current or prospective competitor of the party or third party that designated the material);

e)     persons other than consultants or experts who are retained to provide purely administrative assistance to counsel for any party for the purpose of this action, including litigation support services and outside copying services;

f)     the persons listed on the document as authors or recipients (including copyees); and

g)     any other person hereafter designated by written stipulation of the parties or by further order of the Court.

8.     Except as provided in Paragraph 23 below, no Confidential Material may be disclosed to any Qualified Person unless the following procedures are met:

a)     Counsel must first inform such Qualified Person that pursuant to this Order the material to be disclosed may only be used for purposes of preparing and presenting evidence in this litigation and must be kept confidential.

b)     No Confidential Material may be disclosed to any Qualified Person identified in subparagraphs 7(d) through 7(g) of this

Order unless such person first is given a copy of this Order and advised that the information contained in the document is Confidential Material and informed that an unauthorized disclosure of the information in the document may constitute a contempt of this Court.

c)   Each Qualified Person to whom Confidential Material is disclosed pursuant to subparagraphs 7(d), 7(f), or 7(g) of this Order shall execute an Acknowledgment in the form attached hereto as Exhibit A and shall agree to be bound by this Order prior to receiving any Confidential Material.

d)   Copies of the executed Acknowledgements, and a current log of the materials disclosed to each Qualified Person executing an Acknowledgment, shall be retained by counsel for the party or parties who disclosed the Confidential Material to such persons.

9.   Except as provided in Paragraph 23 below, Highly Confidential Material may be disclosed only to those Qualified Persons defined in subparagraphs 7(c) through 7(g), above, and the parties' outside counsel.

10.   Except as provided in Paragraph 23 below, no Highly Confidential Material may be disclosed to any Qualified Persons defined in subparagraphs 7(c) through 7(g) unless and until (a) the procedures set forth in Paragraph 8 for the disclosure of Confidential Material are satisfied, and (b) for Qualified Persons defined in subparagraph 7(d), the following additional procedures are satisfied:

a)   Before disclosing Highly Confidential Material under subparagraph 7(d) of this Order, the party wishing to make such disclosure shall give ten (10) calendar days advance written notice (by facsimile transmission or electronic mail) to the counsel who designated such information as Highly

Confidential Material, identifying (1) the name of the expert to whom the disclosure will be made; (2) his or her field of expertise; (3) his or her current employment and employment history for the past four years; (4) the nature of his or her relationship with the party; and (5) the documents or information (specified by Bates number(s)) to be disclosed. The party wishing to make such disclosure also shall provide counsel with the expert's current Curriculum Vitae and a list of cases in which the expert has testified during the past four years.

b)   The designating party or non-party shall have ten (10) calendar days from receipt of the notice to object or agree to the disclosure, and shall provide written notice to the disclosing party (by facsimile or electronic mail) of such objection or agreement.

c)   If the designating party or third party objects to the disclosure, the matter will be scheduled for a hearing. Disclosure is not permissible until final resolution of the issue by the Court.

11.   Copies of all Acknowledgements executed pursuant to Paragraphs 8 and 10 shall be disclosed to the party or third party who produced or supplied the Protected Material (a) within thirty (30) calendar days after the final resolution of this Action (including resolution of all appellate proceedings), (b) within thirty (30) calendar days after settlement with the producing party, or (c) pursuant to an order of this Court upon good cause shown.

12.   Except as provided in Paragraph 23, no person, firm, corporation, or other entity shall use, disclose, disseminate, make available, or otherwise

communicate Protected Material in any manner whatsoever except for purposes of this litigation, and then only in a manner consistent with this Order.

## WRITTEN DISCOVERY AND SUBMISSIONS

13. Interrogatory answers, responses to requests for admission, pleadings, motions, memoranda, briefs, correspondence, affidavits, declarations, and exhibits that either contain Protected Material or contain material a disclosing party reasonably expects another party would designate as Protected Material, shall be prepared in such a manner that prevents disclosure of the Protected Material. This includes, but is not limited to, redacting such material, filing material under seal in accordance with the Federal Rules of Civil Procedure and the rules of this Court, or otherwise providing an opportunity for parties to prevent the disclosure of Protected Material before public dissemination or other general release. Parties and nonparties who seek to file Protected Material with the Court shall first file a properly noticed motion and proposed order pursuant to Section III.A of Exhibit A to Standing Order No. 04-01 (*In re: Electronic Case Filing and Administrative Procedures*), entered June 1, 2004. The proposed order shall be affixed to a sealed envelope containing the Protected Material.

## ORAL TESTIMONY

14.    Counsel for a party may show documents containing Confidential Material to a witness during a deposition, hearing, trial, or other proceeding without providing prior notice to the party or third party who produced or supplied the Confidential Material. Before doing so, however, the witness shall be shown a copy of this Order and advised that the information contained in the document is Confidential Material and informed that an unauthorized disclosure of the information in the document may constitute contempt of this Court. Except as provided in Paragraph 23, counsel may not show documents containing Highly Confidential Material to a witness without obtaining (a) prior written authorization from the party who designated the documents as such, or (b) leave of court upon a written application that was served on the designating party at least five (5) calendar days before the witness is scheduled to testify.

15.    At the time of a deposition or within thirty (30) calendar days after receipt of the deposition transcript, a party or third party may designate as Protected Material specific portions of the transcript, exhibits, and any videotape. This designation shall be made on the record during the deposition or in writing and served upon counsel of record. Until a designation is made or the 30-day deadline under this paragraph has expired, all transcripts, exhibits, and videotapes

shall be treated as Highly Confidential Material. Any portions of a transcript, exhibit, or video designated as Protected Material shall thereafter be treated in accordance with this Order.

16. Deponents shall not retain or copy portions of the transcript designated as Protected Material, nor shall they retain or copy deposition exhibits designated as Protected Material, unless they sign the acknowledgement attached hereto as Exhibit A..

17. The parties shall confer and attempt to agree before any hearing, trial, or other proceeding on the procedures to be included in a separate protective order pursuant to which Protected Material may be introduced into evidence or otherwise used at such hearing, trial, mediation, or other proceeding. Absent agreement, the parties who previously designated Protected Material shall request the Court to issue an order governing the use of such Protected Material at the hearing, trial, or other proceeding.

OBJECTIONS TO DESIGNATIONS

18. A party may, in good faith, object to the designation of any document or information as Protected Material by stating its objection in writing and including a statement of the legal or factual basis for each objection. The objecting party shall serve its objections to the party or third party making the designation

within thirty (30) calendar days of service of the documents or information, and it shall make a good faith effort to resolve the dispute with counsel for the party or third party so designating the document or information. If the parties cannot reach agreement as to the designation, any party may move the Court for an order determining whether or not such document is Protected Material. The moving party shall have seven (7) calendar days to file such a motion, which period shall begin to run after completion of the meet and confer process regarding the specific document(s) or information at issue. The burden shall be on the designating party to show that, by a preponderance of the evidence, there is good cause for protection under this Order. Pending a final ruling by the Court on the motion, the initial designation and the terms of this Order shall remain in effect.

## THIRD PARTY REQUEST OR DEMAND FOR DISCLOSURE

19.     Should any person bound by this Order receive a subpoena, civil investigative demand, or other process from a third party seeking, requesting, or requiring the disclosure of Protected Material in any form, such person shall give notice immediately to the party or third party who produced or supplied the Protected Material so that the party or third party may seek appropriate relief, if any. No person bound hereby who receives a subpoena, civil investigative demand, or other process from a third party seeking, requesting, or requiring the

disclosure of Protected Material shall produce or disclose such documents or information unless and until (a) ordered by a court having competent jurisdiction, or (b) such production or disclosure is in accordance with the provisions herein and is expressly consented to in writing by the party or third party herein that produced or supplied the Protected Material.

## INADVERTENT PRODUCTION OF PROTECTED MATERIAL

20.    The production of Protected Material without a designation as Protected Material shall not be deemed a waiver or impairment of any claim of protection of the confidential nature of any such material.  Upon notice that any Protected Material had not been appropriately designated, the party receiving such notice shall make a reasonable, good faith effort to ensure that any analyses, memoranda or notes that were generated based upon such material before its redesignation as Protected Material shall immediately be treated in conformity with any such redesignation.  Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity.  If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no

way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity.  Upon notice that privileged material was inadvertently produced, the party receiving such material shall comply with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

## DISCLOSURE OF PROTECTED MATERIAL

21.    If Protected Material is disclosed to any person other than in the manner authorized by this Order, the party or third party responsible for the disclosure must immediately bring, subject to all applicable privileges, all pertinent facts relating to such disclosure to the attention of the designating party, and, without prejudice to the rights and remedies of the designating party, make all reasonable efforts to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part or on the part of the recipient of such information or material.

## DE-DESIGNATION OF PROTECTED MATERIAL

22.    A party or third party who previously designated documents or information as Protected Material may withdraw such designation at any time and for any reason, upon written notice to all parties and without leave of Court, provided that no other party has designated such documents or information as

Protected Material. Such de-designation shall take effect immediately upon service of written notice to all parties.

## MISCELLANEOUS PROVISIONS

23. Notwithstanding any other provision of this Order, nothing in this Order shall limit the ability of any party or third party to use or disseminate its own documents or information it has designated as Protected Material. A party's use or dissemination of its own documents and information shall not be governed by this Order.

24. Nothing contained in this Order shall be construed as an admission that any document or information, or any testimony relating to such document or information, is or would be admissible in evidence in this case or in any other proceeding.

25. Nothing contained in this Order shall affect the rights of the parties or third parties to object to discovery on grounds other than those related to the confidentiality of documents or information, nor shall it relieve a party or third party of its obligation to properly respond or object to discovery requests, nor shall it preclude any party or third party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

26.     Nothing in this Order shall be construed to entitle any party to obtain any document, thing, or information from another party.

27.     The parties to this action reserve all rights to apply to this Court for any order modifying this Order, or seeking further protection against discovery or other use of Protected Material or other information, documents, or transcripts.

28.     Notwithstanding any other provision of this Order, the parties may, by written agreement, alter the time periods set forth in this Order without seeking leave of this Court.

29.     The provisions of this Order shall survive the conclusion of this Action.

## COMPLETION OF LITIGATION

30.     Within sixty (60) calendar days after the final resolution of this action (including resolution of all appellate proceedings), all documents and copies of all documents (other than exhibits of record) produced or supplied by a party or third party that contain Protected Material shall, at the option of the producing party, either be destroyed or returned to the party or third party who produced or supplied the Protected Material.  Notwithstanding the foregoing, outside counsel shall be entitled to maintain, for archival purposes only, (a) copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto),

(b) trial transcripts, and exhibits offered or introduced into evidence at any hearing

or trial, and (c) attorney work product containing or reflecting Protected Material.

All other documents or other work product containing or reflecting Protected

Material that are unnecessary for archival purposes shall be destroyed. All counsel

of record shall provide written certification of compliance herewith to the party or

third party who produced the documents.


IT IS SO ORDERED, this __23__ day of ____June____, 2008.

_____
The Honorable Marvin H. Shoob
United States District Judge


Submitted and consented to on June 20, 2008, by:

/s/ Michael A. Dailey
Michael A. Dailey
**ANDERSON DAILEY LLP**
2002 Summit Boulevard
Suite 1250
Atlanta, Georgia 30319
404-442-1800
404-442-1820 (facsimile)
mdailey@andersondailey.com

/s/ Gary Hill
Gary Hill
**HILL AND BLEIBERG**
47 Perimeter Center
Atlanta, Georgia 30346
770-394-7800
ghill@hillandbleiberg.com

/s/ Joan Dillon
Joan Dillon
**JOAN DILLON LAW LLC**
3522 Ashford Dunwood Road
PMB 235
Atlanta, Georgia 30319
404-257-1708
joan@joandillonlaw.com

**Attorneys for Plaintiff Jonathan Cobb**

/s/ Eric P. Schroeder
Eric P. Schroeder (Georgia Bar No. 629880)
R. Joseph Burby, IV (Georgia Bar No. 094503)
John C. Bush (Georgia Bar No. 413159)
**POWELL GOLDSTEIN LLP**
One Atlantic Center
Fourteenth Floor
Atlanta, Georgia 30309
(404) 572-6600
(404) 572-6999
eschroeder@pogolaw.com

Laurie Edelstein (Admitted *Pro Hac Vice*)
Michael A. Zwibelman (Admitted *Pro Hac Vice*)
David Ziff (Admitted *Pro Hac Vice*)
**BRUNE & RICHARD LLP**
235 Montgomery Street
Suite 1130
San Francisco, CA 94104
(415) 563-0600
(415) 563-0613 (facsimile)
mzwibelman@bruneandrichard.com

**Attorneys for Defendant Google Inc.**


/s/ Charlotte K McClusky
Charlotte K. McClusky (Georgia Bar No. 484223)
John C. Fish (Admitted *Pro Hac Vice*)
Ronald D. Arena (Admitted *Pro Hac Vice*)
**LITTLER MENDELSON, P.C.**
3348 Peachtree Road, N.E.
Suite 1100
Atlanta, Georgia 30326-1008
(404) 233-0330
(404) 233-2361 (facsimile)

**Attorneys for Defendant Workforce Logic LLC**

** EXHIBIT A **

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JONATHAN COBB<br><br>               Plaintiff,<br><br>               v.<br><br>GOOGLE INC. and<br>WORKFORCE LOGIC LLC,<br><br>               Defendants. | Case No. 1:08-CV-0483 (MHS) |

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER LIMITING THE USE AND DISSEMINATION OF CONFIDENTIAL MATERIAL

I have been designated by _____[party name]_____ as a person who may have access to Protected Material as that term is defined in the Protective Order Limiting the Use and Dissemination of Confidential Material ("Order"), entered on __[date]___in the above-entitled action.

Having read the Order, I agree to comply fully with it and to be bound by its terms with respect to all Protected Material as defined therein. I agree not to copy or disclose to any nonqualified person or entity any Protected Material that has been disclosed to me, and I will not use any Protected Material for purposes other than this litigation. At the conclusion of this action, I agree that all Protected Material in my possession shall either be destroyed or returned to the party or third party who produced or supplied the Protected Material. My pledge of confidentiality under the Order continues after the lawsuit is over.

20

If I violate any terms of the Order with respect to the treatment of Protected Material, I agree to submit myself to the jurisdiction of the United States District Court, Northern District of Georgia, Atlanta Division, for the purpose of enforcement of the terms of the Order. I understand that a violation of this Order may be considered an act in contempt of court and may be punishable as such.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this _____ day of _____, 200__, at _____.


_____
NAME


_____
SIGNATURE

JONATHAN COBB,

        Plaintiff,

             v.             Case No. 1:08-CV-0483 (MHS)

GOOGLE INC. and
WORKFORCE LOGIC LLC,

        Defendants.

## **LR 7.1(D) CERTIFICATE OF FONT COMPLIANCE**

I hereby certify that the foregoing has been prepared with one of the font and point selections approved by the Court in N.D. Ga. Local Rule 5.1(C), specifically Times New Roman 14 pt.

                    /s/ Eric P. Schroeder
                    Eric P. Schroeder