# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JONATHAN COBB,<br><br>                Plaintiff,<br><br>                v.<br><br>GOOGLE INC. and<br>WORKFORCE LOGIC LLC,<br><br>            Defendants. | Case No. 1:08-CV-0483 (MHS) |

## GOOGLE INC.'S RESPONSE IN OPPOSITION TO
## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

COMES NOW Defendant Google Inc. ("Google") and submits this response in opposition to Plaintiff's Motion to Compel Discovery.[1]

## I.    INTRODUCTION

Plaintiff's premature Motion to Compel has been rendered moot by Google's supplemental document productions, supplemental discovery responses and the filing of Google's Motion for Protective Order.[2]

---

[1]  Plaintiff's Memorandum of Law in Support of his Motion to Compel Discovery will be cited as "Pl.MTC.Br." herein.

[2]  Google's Memorandum of Law Supporting Its Motion For Protective Order will be cited as "Google.MPO.Br." herein.

Plaintiff's motion was premature and unnecessary. Before and after the motion was filed, Google electronically examined the equivalent of over 6,000 boxes of documents in responding to Plaintiff's discovery requests, and has since produced the results to Plaintiff which are relevant to: 1) Cobb's claim that his idea was "novel" when communicated to individuals at Google; and 2) the history of Google's independent development of Sky as of April 19, 2006.[3] To the extent that Plaintiff maintains that further discovery should be compelled, Google submits that the remainder of the Motion to Compel should be denied for the reasons explained in its Motion for a Protective Order.

## II. FACTS

Plaintiff Jonathan Cobb claims that he invented the program "Google Sky." As shown previously, e.g., Google.MPO.Br. at 4-5 & 14-16, publicly-available and internal Google documents demonstrate that Mr. Cobb did not invent Sky and he was not the first to conceive of or propose the idea for a Sky-type program. Instead, his idea was unremarkable, and his "misappropriation" claim ("Misappropriation Claim") cannot succeed as a matter of law. (Id.)

Soon after the Amended Complaint was filed, Cobb served discovery requests on Google seeking essentially every fact and document concerning the

---

[3] Google has also produced a limited number of technical documents describing the features of Sky post-April 2006.

design, development and implementation of Sky. (Google.MPO.Br. at 7-8.) In response, Google produced documents and answered discovery requests, but objected to many of them because they were overbroad, vague and asked for irrelevant information. Citing DeRubeis v. Witten Technologies, Inc., 244 F.R.D. 676 (N.D.Ga. 2007) (Camp, Chief Judge), Google proposed "phased" discovery in which Plaintiff would identify which features of his idea were allegedly misappropriated, and Google would produce documents relevant to 1) when Google first conceived and began development of Sky, and 2) whether Google developed Sky independent of Mr. Cobb. (Affidavit of Eric P. Schroeder at ¶¶ 6-10; Pl.MTC.Br., Exhibits B & C).[4] Mr. Cobb appeared to agree in concept to this phased approach, but refused to sit for a deposition until Google identified more witnesses and produced technical documents regarding the development and implementation of the Sky program. (Pl.MTC.Br., Exhibit A.)

In mid-August 2008, then-lead counsel for Google unexpectedly left his law firm for a position with the Office of Attorney General for the State of California. (Id. at ¶ 11.) After Plaintiff was notified that undersigned counsel was assuming the role of lead counsel, but during the transition of this case, Plaintiff filed his

---

[4]   In this correspondence, Google identified witnesses and publicly-available documents which demonstrated that Mr. Cobb was not the first person to have thought of or proposed the Sky idea. (Id.) The identified witnesses have not been noticed for deposition or deposed by Plaintiff.

Motion to Compel on September 17, 2008.  (Id. at ¶ 13.)  At the time the motion was filed, Plaintiff was aware that Google was preparing further discovery responses.  (Id. at ¶¶ 14-15.)

After the motion was filed, former counsel formally withdrew, and Google produced a second round of responsive documents, Bates-numbered G010001 - G010767, and discovery responses, including a revised witness list.  (Id. at ¶ 16.)  After Plaintiff agreed to an extension to respond to this motion (at which time Plaintiff's counsel was informed that Google would be filing a motion for protective order), Google filed its motion for a Protective Order.  Thereafter, on October 15, Google produced a third round of responsive documents, Bates-numbered G010768 - G012144, and supplemental responses to the nearly all of the Interrogatories and Requests to Produce identified in the Motion to Compel.  (Id. at ¶ 17.)

### III.   ARGUMENT AND CITATION OF AUTHORITY

**A.    Plaintiff's Motion To Compel Is Moot**

Google has addressed each of the issues raised by Plaintiff in his motion to compel either by supplemental document production, a supplemental discovery response or by its Motion for Protective Order.  Therefore, Plaintiff's motion is moot.  E.g., Stone Container Corp. v. Owens-Illinois, Inc., 528 F. Supp. 794, 797

(N.D. Ga. 1981) (defendant's submission of discovery responses after motion to compel was filed rendered that motion moot). The Court should therefore deny Plaintiff's motion; if Plaintiff believes that the supplemental discovery responses are inadequate, the proper course of action is to file a motion for reconsideration or a separate motion to compel. See, e.g., GSI Group, Inc. v. Sukup Manuf. Co., 2007 WL 1390611 (C.D. Ill. 2007) (denying motion to compel as moot but without prejudice, and considering late-filed motion for reconsideration regarding adequacy of supplemental discovery responses); Fann v. Giant Food, Inc., 115 F.R.D. 593, 595 (D. D.C. 1987) (same).

Specifically, as to the Interrogatory Responses identified by Plaintiff, Pl.MTC.Br. at 14-16, Google has responded to Interrogatories Nos. 1, 2 and 3 by producing a revised witness list and confidential, internal Google emails and technical documents which set forth the Google employees (and non-Google witnesses) primarily responsible for the creation of Google Sky. In response to Interrogatories 10 and 11, Google has supplemented its response to make clear that the Terms of Service for the Google Group service indicates that only Mr. Cobb was responsible for creating and administrating Mr. Cobb's group, googlesky@googlegroups.com, that Google does not regularly monitor content which is posted to a Google Group list and that no one at Google was responsible

for monitoring Mr. Cobb's group.[5]  In response to Interrogatory No. 15, Google's Motion for Protective Order asks that the Court order Plaintiff be deposed and identify what features or elements of Google Sky he believes were misappropriated before Google is required to respond further as, otherwise, the Interrogatory asks for irrelevant, confidential information.  (Google.MPO.Br. at 12-13.)

As to Requests for Production Nos. 1, 2, 6, 7, 8, 11, 12 and 15, Pl.MTC.Br. at 25-36, Google has produced documents responsive to each document request, and identified to Plaintiff those documents responsive to each request.  Google has further filed the Motion for a Protective Order asking the Court narrow the scope of relevant documents to a "first phase" limited to only those documents which are relevant to the threshold elements of the Misappropriation Claim.

Under Chief Judge Camp's DeRubeis decision, Google could have immediately moved for a protective order staying all discovery until the plaintiff sat for his deposition, described what he believed was stolen and thereby defined the scope of relevancy in this case.  244 F.R.D. at 679-81.  Further, under the Scroggins v. Air Cargo, Inc. decision, Google could have simply moved for

---

[5]  Further, whether anyone at Google monitored or read posts to Mr. Cobb's group is not relevant until Mr. Cobb states with particularity what he believes Google misappropriated from googlesky@googlegroups.com and he establishes that the idea allegedly misappropriated was "novel."  Google.MPO.Br. at 3 & 12-18; see DeRubeis, 244 F.R.D. at 679-81.

summary judgment and asked the Court to stay any further discovery while it considered that motion. 534 F.2d 1124, 1133 (5th Cir. 1976). Google, however, in good faith and in an effort to conduct this case efficiently, elected to move forward with a phased approach to which Plaintiff's counsel seemed amenable and which Google has now proposed to the Court.

**B.      Google Has Satisfied Its Initial Burden On Discovery**

Therefore, Google respectfully submits that its three document productions and supplemental discovery responses satisfy its initial burden on discovery. Specifically, Google has produced documents and made responses which are relevant to the threshold elements of the Misappropriation Claim; to the extent that there remains anything unaddressed, Google has moved for a protective order seeking a stay of further discovery until Plaintiff's deposition is completed and an order narrowing further discovery to the threshold elements of the Misappropriation claim. (Google.MPO.Br. at 3.)

No depositions have taken place in this action, though Google has noticed the deposition of Plaintiff for November 7, 2008. After Google has completed Plaintiff's deposition, Google understands that Plaintiff will likely take the position that he is entitled to take discovery relevant to the motion for summary judgment that Google has indicated it will file regarding the Misappropriation Claim.

Google does not oppose such discovery in concept, assuming that it is limited to the grounds for summary judgment and the threshold elements of the Misappropriation Claim which are identified in the Motion for Protective Order. (Google.MPO.Br. at 13-18.)

Google therefore respectfully submits that the Court should deny Plaintiff's Motion to Compel, stay further discovery until Plaintiff's deposition is completed, and the Court should then allow Plaintiff a limited period in which Plaintiff shall have the opportunity to pursue additional discovery from Google and third-parties regarding the Misappropriation Claim.

## C.    Plaintiff's Request For Attorney's Fees Should Be Denied

As described in Google's Motion to Compel, Google has electronically examined the equivalent of over 6,000 boxes of documents, spending over $100,000 in vendor fees processing the documents produced to Plaintiff. As shown in the correspondence between the parties and in its discovery responses, Google has acted in good faith in responding to Plaintiff's demands, and Google's proposal for a phased discovery approach was substantially justified under the circumstances by the DeRubeis decision. Indeed, had Plaintiff waited a few days before filing his motion to compel, Google would have produced at least a portion

of the discovery he sought and the parties may have avoided having to come to the Court to decide the current discovery dispute.

Thus, even if this Court were to deny Google's Motion for Protective Order and grant the Motion to Compel, Plaintiff's request for attorney's fees and costs should be denied. E.g., Maddow v. Procter & Gamble Co., Inc., 107 F.3d 846, 853 (11th Cir. 1997) (affirming order compelling production but reversing award of attorney's fees because plaintiffs were substantially justified in initially refusing discovery because "reasonable people could differ as to the appropriateness of the contested action"); McKesson Info. Solutions, LLC v. Epic Sys. Corp., 495 F. Supp.2d 1329, 1336 (N.D. Ga. 2007) (granting motion to compel but denying attorney's fees).[6]

---

[6] See generally Pierce v. Underwood, 487 U.S. 552, 565 (1988) ("[T]he test for avoiding the imposition of attorney's fees for resisting discovery in district court is whether the resistance was 'substantially justified,' FED. R. CIV. P. 37(a)(4) and (b)(2)(E). To our knowledge, that has never been described as meaning 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute'").

Served this 15th day of October, 2008.

/s/ Eric P. Schroeder
Eric P. Schroeder
(Georgia Bar No. 629880)
R. Joseph Burby, IV
(Georgia Bar No. 094503)
John C. Bush
(Georgia Bar No. 413159)
**POWELL GOLDSTEIN LLP**
One Atlantic Center
Fourteenth Floor
Atlanta, Georgia 30309
(404) 572-6600
(404) 572-6999
eschroeder@pogolaw.com

**Attorneys for Defendant Google Inc.**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

JONATHAN COBB,

               Plaintiff,

               v.          Case No. 1:08-CV-0483 (MHS)

GOOGLE INC. and
WORKFORCELOGIC USA,

               Defendants.

## LR 7.1(D) CERTIFICATE OF FONT COMPLIANCE

I hereby certify that the foregoing has been prepared with one of the font and point selections approved by the Court in Rule 5.1(C) of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, specifically Times New Roman 14 pt.

               /s/ Eric P. Schroeder
               Eric P. Schroeder

5262706_2.DOC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

JONATHAN COBB,

                  Plaintiff,

                  v.         Case No. 1:08-CV-0483 (MHS)

GOOGLE INC. and
WORKFORCE LOGIC LLC,

                  Defendants.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 15, 2008, a copy of Defendant Google Inc.'s Response in Opposition to Plaintiff's Motion to Compel Discovery was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following attorneys of record:

> Michael Alan Dailey
> **ANDERSON DAILEY LLP**
> 2002 Summit Boulevard
> Suite 1250
> Atlanta, Georgia 30319
> 404-442-1800
> 404-442-1820 (facsimile)
> mdailey@andersondailey.com

Gary Hill
**HILL AND BLEIBERG**
47 Perimeter Center
Atlanta, Georgia 30346
770-394-7800
ghill@hillandbleiberg.com

Joan Dillon
**JOAN DILLON LAW LLC**
3522 Ashford Dunwoody Road
PMB 235
Atlanta, Georgia 30319
404-257-1708
joan@joandillonlaw.com

Charlotte K. McClusky
John C. Fish
**LITTLER MENDELSON, P.C.**
3348 Peachtree Road, N.E.
Suite 1100
Atlanta, Georgia 30326-1008
404-233-0330
404-233-2361 (facsimile)

/s/ Eric P. Schroeder
Eric P. Schroeder