IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JONATHAN COBB, :
　　　　　　　　　　　　　　　　　:
　　　　　Plaintiff, :
　　　　　　　　　　　　　　　　　:
vs. : CIVIL ACTION FILE
　　　　　　　　　　　　　　　　　: NUMBER 1:08-CV-0483-MHS
GOOGLE, INC.; and :
WORKFORCELOGIC USA; :
　　　　　　　　　　　　　　　　　:
　　　　　Defendants. :

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT GOOGLE, INC.'S <u>MOTION FOR PROTECTIVE ORDER</u>

COMES NOW Jonathan Cobb, Plaintiff, and for his Memorandum Of Points And Authorities In Opposition To Defendant Google, Inc.'s Motion For Protective Order, respectfully shows the Court the following.

(1) Defendant Google, Inc. ("Google") has a filed its Motion For Protective Order months and months after the discovery requests placed in issue by Plaintiff's Motion To Compel were first propounded and served. At the time of filing its answers and responses to Plaintiff's discovery, Google did not present a motion for protective order. Rather, it interposed

objections. These objections should be evaluated on their merits, unencumbered by any corollary suggestion that discovery be stayed. Google's right to file a motion for protective order was waived.

(2) Google's waiver of its rights notwithstanding, Plaintiff has consistently announced his willingness to engage in phased discovery. After Google's original lead counsel, Michael Zwibelman, first raised the idea in late June/early July of this year, Plaintiff announced his good-faith willingess to entertain the possibility. Plaintiff's intention was so sincere that his counsel presented a detailed proposal for doing so, which appears on pages 5-7 of his letter dated July 11, 2008.

Unfortunately, Google never replied to this proposal. Whereas Plaintiff catalogued product design, product feasibility and product road-mapping documents to become part of Google's initial production, Google never gave the courtesy of a response. In addition to proposing the production of these documents, Plaintiff asked that Google fulfill its discovery obligations under the Local Rules with complete Initial Disclosures. At first Google refused. When it finally did provide Disclosures, on August 1, 2008, its submission was incomplete.

(3) After waiting weeks and then months, Plaintiff finally filed his Motion To Compel. This prompted Google to make a variety of discovery

2

responses, including supplementation of its Initial Disclosures, supplementation of its Answers to Plaintiff's First Interrogatories, and supplementation of its Responses to Plaintiff's First Request. Additional documents were produced. Some aspects of this supplemental production are adequate. Some aspects are not.

(4) Now Google argues that the Court should stay all further discovery in the case until Plaintiff has been deposed and "he has described with 'reasonable particularity' those ideas and concepts he contends Google has misappropriated." (Defendant Google's Motion For Protective Order, p. 2). This precondition, and the legal rationale of *DuRubeis v. Witten Technologies, Inc., 244 F.R.D. 676 (N.D.Ga. 2007),* have been hurled by Google at Plaintiff repeatedly in this case. Beginning with correspondence preceding the parties' stipulated discovery response date of June 20, 2008, continuing with Google's discovery responses and objections, and in correspondence and conversation with Mr. Zwibelman, Google has stated over and over again that Plaintiff needed to describe with further particularity his concepts and ideas. Now, in support of Plaintiff's Motion For Protective Order, this rationale is offered anew as a basis for Google's refusal to meet its basic discovery obligations.

Plaintiff provided seven (7) pages of response concerning his concepts and ideas when answering Google's Interrogatory No. 1. He has outlined in as complete detail as he is able the concepts and ideas which he contends Google misappropriated. Defendant insists that he do more. Plaintiff wishes the Court to know that he has given as complete a report as he is able. There is no justification for staying discovery pending the taking of Plaintiff's deposition.

(5) This having been said, Plaintiff remains sensitive to proceeding with discovery as cost-effectively as possible. Plaintiff understands that his claim is one of misappropriation. He understands that issues of novelty pertain. He has no desire to create undue expense for himself or Google.

(6) All that Plaintiff demands is that the process be even-handed and fair. Google has conducted itself in this case with the swagger of a powerful adversary. It has insisted on dictating the rules, even when the rules mandated that Google act differently.

(7) Plaintiff has no objection to the taking of his deposition as part of a first phase of discovery. But he requests the opportunity to depose up to six (6) persons as part of the initial phase, and that he be able to select the deponents.

(8) Plaintiff additionally asks that this "first phase" - in addition to addressing issues having to do with (a) the scope, contribution and distribution of Cobb's concepts and ideas, (b) when Google first conceived and began development of Google Sky, and (c) whether Cobb's e-mails and postings to his discussion group were discussed, considered or otherwise made known to the team developing Google Sky – address the following further matters:

(a) What features and ideas for Google Sky were actually evaluated and used in the product design, feasibility analyses, and road-mapping efforts relating to Google Sky;

(b) What persons or software, if any, was used by Google to monitor the content or communications within the private discussion groups operated and hosted through Google's software and servers, including Plaintiff's group; and

(c) Any and all issues reasonably implicated by Google's complete responses to Initial Disclosures, Plaintiff's First Interrogatories and Plaintiff's First Requests.

Plaintiff has insisted that Google provide a complete witness listing as part of its Initial Disclosures and to provide a complete identification of

5

persons as requested of it in Plaintiff's Interrogatory Numbers 1, 2, 5, 10 and 11. Plaintiff needs this information to make an informed decision as to those persons he should depose in any "first phase" discovery that occurs.

(9) Plaintiff asks that the Court consider these requests in light of the fact that much of the information appended to Google's Memorandum demonstrates that, while a variety of academic and government-related organizations were working on concepts and technologies related to space telescopes, virtual observatories, and computer enhanced space images, in early 2006 Google had not undertaken a program of this kind. Google's papers show that in 2004 it acquired a company which allowed it, one year later in 2005, to produce Google Earth. The company was then only getting its arms around the implications of that development. Mr. Conti's communications with Brian McClendon are dated February 22, 2006. Plaintiff Cobb commenced employment with Google on February 13, 2006, and he immediately convened his googlesky@googlegroups.com discussion group. Mr. McClendon was invited to become a member of Plaintiff's group. Whether and to what extent information from Mr. Cobb's postings, and members within his group, were made known to Mr. McClendon is a point to pin down.

(10) Notably, Google is adamant that it not provide the names of persons who were tasked with monitoring or administering e-mail discussion groups operated and hosted through Google's network servers. Google makes much about the fact that these discussion groups were not "internal" to it. The fact remains that the groups existed because Google offered customers the ability to create them. Thus, someone within Google's organization must have been tasked with overseeing the groups' existence. It is the identity of these persons Plaintiff wishes to learn. Only someone in their position is able to answer whether or not human or software-initiated mechanisms existed to monitor the discussion groups' content. If monitoring activities took place, then the information being discussed and generated within Plaintiff's group could have been passed to Google employees.

**WHEREFORE**, Jonathan Cobb, Plaintiff, respectfully requests that Defendant Google, Inc.'s Motion For Protective Order be DENIED. Plaintiff remains receptive to the implementation of phased discovery in this case but with due regard given for Google's discovery obligations and through implementation of an even-handed, fair and just approach.

Respectfully submitted,


*/s/ Michael Alan Dailey*
Michael Alan Dailey
Georgia Bar No. 203250
Attorney for Plaintiff

**ANDERSON DAILEY LLP**
2002 Summit Boulevard
Suite 1250
Atlanta, Georgia 30319
404 442 1800 voice
404 442 1820 data
mdailey@andersondailey.com

## CERTIFICATION OF COMPLIANCE WITH REQUIRED FONT SIZE

Plaintiff certifies that this Reply Memorandum has been prepared using Times New Roman typeface, 14 point font size.

/s/ *Michael Alan Dailey*
Michael Alan Dailey
Georgia Bar No. 203250
Attorney for Plaintiff

**ANDERSON DAILEY LLP**
2002 Summit Boulevard
Suite 1250
Atlanta, Georgia 30319
404 442 1800 voice
404 442 1820 data
mdailey@andersondailey.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JONATHAN COBB, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : CIVIL ACTION FILE |
| | : NUMBER 1:08-CV-0483-MHS |
| GOOGLE, INC.; and | : |
| WORKFORCELOGIC USA; | : |
| | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing *Plaintiff's Response To Defendant Google, Inc.'s Motion For Protective Order* upon counsel for Defendants by depositing same in the United States mail, with sufficient postage thereon to insure delivery and addressed to:

> Laurie Edelstein, Esq.
> David Ziff, Esq.
> **BRUNE & RICHARD LLP**
> 235 Montgomery Street
> Suite 1130
> San Francisco, California 94104

Charlotte K. McClusky, Esq.
John C. Fish, Esq.
**LITTLER MENDELSON, P.C.**
3344 Peachtree Road N.E.
Suite 1500
Atlanta, Georgia 30326

Eric P. Shroeder, Esq.
R. Joseph Burby, IV, Esq.
John C. Bush, Esq.
**POWELL GOLDSTEIN LLP**
One Atlantic Center
Fourteenth Floor
Atlanta, Georgia 30309

This 31st day of October, 2008.

/s/ *Michael Alan Dailey*
Michael Alan Dailey
Georgia Bar No. 203250
**ANDERSON DAILEY LLP**
2002 Summit Boulevard
Suite 1250
Atlanta, Georgia 30319
404 442 1800 voice
404 442 1820 data
mdailey@andersondailey.com