IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION


JONATHAN COBB,                          :
                                        :
            Plaintiff,                  :
                                        :
vs.                                     :       CIVIL ACTION FILE
                                        :       NUMBER 1:08-CV-0483-MHS
GOOGLE, INC.; and                       :
WORKFORCELOGIC USA;                     :
                                        :
            Defendants.                 :


**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL DISCOVERY FROM
<u>DEFENDANT GOOGLE, INC.</u>**

In response to Plaintiff's Motion To Compel Discovery, Defendant

Google, Inc. ("Google") has provided supplemental information and

documents.  The supplementation is in some respects adequate; in other

important respects it is deficient.  Plaintiff itemizes below where and how.

**I. Initial Disclosures.**

As noted in Plaintiff's original Memorandum, Google initially

provided no Initial Disclosures.  On August 1, 2008, following Plaintiff's

demand, Google served Initial Disclosures. Identified within them were just

four (4) individuals having knowledge and information concerning its

defenses to Plaintiff's claims. No specific documents were identified, only six (6) separate categories of documents, none of which concerned Google's development of Google Sky.

### A. Persons With Knowledge And Information.

Since Plaintiff's Motion To Compel was filed and served, Google has supplemented its witness list respecting Initial Disclosure No. 5. It now provides what it calls a listing of Google Witnesses and Non-Google Witnesses (including persons associated with WorkforceLogic, former Google Employees and third parties).

While Plaintiff is unable to ascertain whether the listing is complete, certainly a vast improvement over what was offered previously has occurred. Plaintiff is prepared to work with this listing.

### B. Documents.

Since Plaintiff's Motion To Compel was filed, Google has proceeded to supplement the Attachment C to its Initial Disclosures. Attachment C contains a description of documents that Google may use to support its defenses. As noted, Google's original Attachment C listed but six (6) categories and no specific documents. Google's supplementation lists nine (9) categories and no specific documents. No category is described pertaining to Google's actual development of Sky in Google Earth. A

category of documents referencing "when Google first conceived and began development of Google Sky" is listed, as is a category having to do with documents which describe Internet astronomy programs existing at the time Plaintiff's Google Sky concept was conceived. No category is specified by Google relating to the actual product design and/or development of Google Sky.

This omission is critical. Google apparently avoids referencing such documents because it believes they are beyond the "first phase of [permissible] discovery." Yet, any inquiry into "novelty" necessarily involves a clear-eyed understanding of the specific concepts and functional ideas which were being incorporated into the Sky in Google Earth program, and from whom those concepts and ideas were forthcoming. The universe of pre-existing Internet planetarium programs, which Google believes answers any claim of "novelty" that Plaintiff presents, was, like the real universe, large but substantially diverse.

Plaintiff proposed specific concepts and features for the program which he called "Google Sky." Those elements and features were described in Plaintiff's answer to Google's Interrogatory No. 1, served on June 20, 2008. A true and correct copy of Plaintiff's Answers And Objections To Defendant Google, Inc.'s First Interrogatories is attached to Google's

Memorandum Of Law In Support Of Motion For Protective Order.

Plaintiff's answer to Interrogatory No. 1 demonstrates that he had and

proposed specific feature and programmatic ideas remarkably similar to

those which Google employed when proceeding with Google Sky.

Thus, the elements which Google actually elected to include in its

program, as disclosed by the company's product design documents, product

feasibility documents, and product roadmap documents, are critical to a full

and sifting evaluation of whether Plaintiff's ideas were in fact novel, that is

"peculiar and not generally available or known to others in the trade." *Jones*

*v. Turner Broadcasting System, 193 Ga. App. 768, 769, 389 S.E.2d 9 (1989),*

*cited in Burgess v. Coca-Cola Company, 245 Ga. App. 206, 209, 536 S.E.2d*

*764 (2000).*

New documents produced by Google demonstrate that its key

decision-makers were not aware of or had not considered implementation of

a program involving a virtual planetarium or virtual telescope at the same

point in time – February 13, 2006 - that Plaintiff commenced his

employment with Google.  As disclosed in newly produced documents,

Bates-stamped G010852 to G010853, on February 7, 2008, Alberto Conti

sent an e-mail to John Hanke of Google (notably, Mr. Hanke does not appear

on Google's Supplemental Witness Listing), inquiring about a possible

collaboration among individuals associated with the Space Telescope Science Institute, with which Mr. Conti was involved, and Google, for a project he references as "Google Sky." On August 22, 2007, Mr. Conti posted his e-mails (and responses thereto) on his Internet blogsite informing members of the public that he had contacted Google for precisely this purpose. Mr. Conti initially received no response to his e-mail, so he sent a follow-up message on February 17, 2008. That message prompted Hanke to forward it to Brian McClendon, a Google engineer whom Plaintiff invited to become part of his googlesky@googlegroups.com private discussion group. Hanke asked McClendon if he were "Interested?" McClendon's responded, "This would be cool to do." The inquiry from Hanke to McClendon sparked further comments from the latter on how such a program might then be technically feasible for Google to accomplish. Because this document is marked by Google as "Highly Confidential," Plaintiff can not recite within this Reply any of the technical discussion which ensued, but the exchange between the two men serves to demonstrate that, at the critical point in time that Plaintiff commenced employment with Google, Google had not yet taken up this concept, and certainly had not done so respecting the specific features and functionality Plaintiff was proposing.

For all these reasons, Plaintiff respectfully submits that Google should be required to list out all documents which describe the design, feasibility and road-mapping of Google Sky. A limited set of design documents appears behind Tab 11 to Google's Memorandum in support of its Motion For Protective Order. Documents such as these, in which functionality for the program was expressly decided and described, will permit an investigation of the features Google actually evaluated and used.

## II. Plaintiff's First Interrogatories/Google's Answers Thereto.

### A. Plaintiff's Interrogatory No. 1.

Plaintiff has sought the Court's assistance respecting Interrogatory No. 1 because Google failed to make any substantive response to it. Google's refusal was based on its assertion that an identification of persons with knowledge or information of the claims set forth in Plaintiff's Complaint need not be provided "until plaintiff identifies with reasonable particularity the concepts or ideas he alleges were misappropriated by Google." On June 20, 2008, Plaintiff made a detailed disclosure of his concepts and ideas in seven pages of response to Google's Interrogatory No. 1. Plaintiff's response rendered moot any disclosure which Google then demanded.

Now, Google makes three additional responses respecting Interrogatory No. 1. First, Google has supplemented its answer to reference the same witness listing offered by it in response to Initial Disclosure 5. Initial Disclosure 5 calls for a listing "of each individual likely to have discoverable information that you may use to support your claims or defenses, . . . identifying the subjects of the information." (Documents Associated With Civil Cases Pending In The United States District Court Northern District Of Georgia, Defendant's Initial Disclosure 5). Google's Supplemental Witness Listing is attached as Exhibit "A." That Listing does not detail each individual's subject information except in the most high-level way. Some responses, for example in the case of Nikole Hatchel and Julie Churin, merely reference knowledge "relevant to Google's proposed first phase of discovery." What this means is known only to Google. Google should be required to provide all required subject-matter information and pertaining to each listed person.

Second, Google has stated that its supplementation to Interrogatory No. 1 is based on its Motion For Protective Order. Thus, information is being withheld by Google in conformance with its demand for conduct of a "first phase of discovery." Plaintiff submits that even if a "first phase" is pursued – and Plaintiff is on record as supporting and cooperating in a

phased discovery – Google should in any event first fulfill its duty under the Local Rules and provide all of the information that is due. Having all of this information is crucial to Plaintiff's ability to evaluate the acceptable scope of any "first phase" discovery, and from whom it should be taken.

Third, Google has supplemented its response to Interrogatory No. 1 by producing additional documents. Plaintiff has nearly completed its review of these several thousand pages. Despite the number of pages produced, many are but copies of the same information. Many documents reflect information external to Google, both responsive and non-responsive in character. Many pages have but limited portions pertaining to the case. For example, a lengthy transcript of an August 22, 2007 ABC Good Morning America news broadcast, contains just one paragraph among some 14 separate pages in which the company's release of its Google Sky program is mentioned. (Bates-stamped documents G010027 to G010041). Many documents "talk around" the development of Google Sky, referencing meetings that are to occur, meetings scheduled, meetings cancelled, and meetings that actually take place. A large volume of "process" information has been supplied, yet only limited design-development information is provided showing Sky's features and functionality as they ultimately appeared in the program's product design documents. While it is fair to say

that Google's supplementation has served to identify the names of many individuals with potential knowledge and information regarding the issues in this case, Google should be required to list all persons that it believes are informed of the claims in this case, and to describe their specific subject-matter information.

*B. Plaintiff's Interrogatory No. 2.*

Interrogatory No. 2 seeks an identification of all persons who have knowledge or information respecting any defense which Google may have to Plaintiff's claims. Google now responds to Interrogatory No. 2 with the same Supplemental Witness Listing, the same references to its Motion For Protective Order, and the same reliance on additional documents it has produced. Accordingly, Plaintiff incorporates here its discussion with respect to Interrogatory No. 1 above. While the additional documents produced disclose the identities of persons who may have been involved in Google Sky, Google should be required to list fully those persons who have knowledge or information respecting its defenses.

*C. Plaintiff's Interrogatory No. 5.*

Interrogatory No. 5 seeks an identification of all persons whom Google contends were engaged in the development of the Sky in Google Earth program, including members of the Google Pittsburgh engineering

team and members of Google's Visiting Faculty Program from the University of Washington. Google has supplemented its response to Interrogatory No. 5 to reference the aforementioned Supplemental Witness List, its Motion For Protective Order, and the additional documents which it has produced. Accordingly, Plaintiff incorporates its discussion with respect to Interrogatory No. 1 above. It is fair to state that the additional documents produced by Google are helpful in identifying persons who were or who may have been engaged in the development of Google Sky.

*D. Plaintiff's Interrogatory No. 10.*

Interrogatory No. 10 seeks an identification of persons employed by Google who were informed of or monitoring information and details generated by Plaintiff's e-mail discussion group. Google has supplemented its answer to reference Google employees whom Plaintiff invited to become a member of the group. However, Google does not list people "who were informed of information and details" being generated by the group. Thus, Google's supplemental answer is non-responsive.

*E. Plaintiff's Interrogatory No. 11.*

Interrogatory No. 11 seeks an identification of persons who were responsible "for the creation, administration, execution, or management of Company e-mail discussion groups since January 1, 2000." Plaintiff

subsequently informed Google that he was substituting the date of "January 1, 2000" with "January 1, 2006." Google's supplemental answer does not provide adequate information. While Google asserts that no Google employee monitored any e-mail discussion groups being operated or hosted through Google's servers, this response is not affirmed by a sworn Verification from Google. Further, given Google's pre-eminent position as a search and data company, it is entirely conceivable that a software-driven mechanism was tasked with monitoring the content of individual e-mail discussion groups, including that convened by Plaintiff. Knowing the identity of those persons charged with administering Google's e-mail discussion groups is essential to confirming or negating this possibility.

As for Google's assertion that e-mail discussion groups operated or hosted through its software are not "internal" to Google, that is wholly beside the point. Google unquestionably provides a business service to the public by which e-mail discussion groups can be formed and hosted as part of Google's business offerings. There is unquestionably management of some kind being exercised by Google over the groups' operation. It is the managers about whom Plaintiff seeks to learn identifying information, and Google should be ordered to supply it.

*F. Plaintiff's Interrogatory No. 15.*

Google's supplementation of documents has resolved this issue.

### III. Plaintiff's First Requests/Google's Responses Thereto.

*A. Plaintiff's Request No. 1.*

The resolution of Google's failure to provide a complete set of responsive documents to Request No. 1 is keyed to the resolution of Google's pending Motion For Protective Order. While Google has produced additional documents detailing many people and places involved with the Sky in Google Earth program, critical product design, feasibility and roadmap documents have not been produced. It is in these documents that the features and functionality selected at an early stage of Sky's development will appear. Plaintiff's counsel, in his letter of July 11, 2008, enumerated several documents that Plaintiff believes should be produced as part of any "first phase of discovery." (Plaintiff's Memorandum In Support Of Motion To Compel, Exhibit A, pp. 5-7). Plaintiff asks that Google be required to make that production.

*B. Plaintiff's Request No. 2.*

Google's supplemental production has resolved this issue.

*C. Plaintiff's Request No. 6.*

Google's supplemental production has not resolved this issue to the

extent Google refuses to provide documents that pertain to any software or human-activated monitoring of the discussion groups' content.

   *D. Plaintiff's Request No. 7.*

   Google's supplemental production has not resolved this issue to the extent Google refuses to provide documents that pertain to any software or human-activated monitoring of the discussion groups' content.

   *E. Plaintiff's Request No. 8.*

   Google's supplemental production has not resolved this issue to the extent Google refuses to provide documents that pertain to any software or human-activated monitoring of the discussion groups' content.

   *F. Plaintiff's Request No. 11.*

   Additional documents produced by Google and relating to the University of Pittsburgh engineering group have not resolved this issue to the extent that documents of the kind referenced in response to Request No. 1 still have not been produced.

   *G. Plaintiff's Request No. 12.*

   Additional documents produced by Google and relating to the University of Washington and the Google Visiting Faculty Program have not resolved this issue to the extent that documents of the kind referenced in response to Request No. 1 still have not been produced.

*H. Plaintiff's Request No. 15.*

Google's supplemental production of documents has resolved this issue.

**WHEREFORE**, Jonathan Cobb, Plaintiff, respectfully requests that his Motion To Compel be GRANTED as described above.

Respectfully submitted,

*/s/ Michael Alan Dailey*
Michael Alan Dailey
Georgia Bar No. 203250
Attorney for Plaintiff

**ANDERSON DAILEY LLP**
2002 Summit Boulevard
Suite 1250
Atlanta, Georgia 30319
404 442 1800 voice
404 442 1820 data
mdailey@andersondailey.com

## CERTIFICATION OF COMPLIANCE WITH
## REQUIRED FONT SIZE

Plaintiff certifies that this Reply Memorandum has been prepared using Times New Roman typeface, 14 point font size.

*/s/ Michael Alan Dailey*
Michael Alan Dailey
Georgia Bar No. 203250
Attorney for Plaintiff

**ANDERSON DAILEY LLP**
2002 Summit Boulevard
Suite 1250
Atlanta, Georgia 30319
404 442 1800 voice
404 442 1820 data
mdailey@andersondailey.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

JONATHAN COBB,

           Plaintiff,

           v.

GOOGLE INC. and
WORKFORCE LOGIC LLC,

           Defendants.

Case No. 1:08-CV-0483 (MHS)

---

## SUPPLEMENTAL WITNESS LIST IN SUPPORT OF GOOGLE INC.'S INITIAL DISCLOSURE NO. 5

**I.    Google Witnesses**

Andrew Connolly (previously listed)
Brian McClendon (previously listed)
Greg Coombe
Michael Jones
Andrew Moore
Chikai Ohazama
Rob Pike
Ryan Scranton
Craig Sosin
Chris Uhlik
Lior Ron



EXHIBIT "A"

Subject Matter(s) of Knowledge:

The above persons may have knowledge of the development and history of Google Sky and information relevant to Google's proposed first phase of discovery. Further details regarding their knowledge is contained in the documents produced by Google herewith.

Contact Information:

The above Google witnesses and may be contacted only through undersigned counsel.

## II.     Non-Google Witnesses

### A.     Workforce logic

1.     Nikole Hatchel

Subject Matter of Knowledge:

Ms. Hatchel is a Workforce Logic employee who conducted the temporary worker intake and orientation for Jonathan Cobb and may have knowledge relevant to Google's proposed first phase of discovery.

2.     Julie Churin

Subject Matter of Knowledge:

Ms. Churin is a Workforce Logic employee who may have knowledge relevant to Google's proposed first phase of discovery.

Contact Information:

Ms. Hatchel and Ms. Churin may only be contacted through counsel for Workforce Logic.

## B.     Former Google Employees

1.     Wayne Rosing

<u>Subject Matter and Contact Information:</u>

Mr. Rosing is a former Vice-President of engineering at Google who may have knowledge of the history and development of Google Sky and information relevant to Google's proposed first phase of discovery. Mr. Rosing is currently a Senior Fellow in Math and Physical Sciences at University of California-Davis, and can be contacted at University of California-Davis, 518A Physics/Geology, Davis, CA 95616, (530) 752-8189, rosing@physics.ucdavis.edu.


## C.     Third Parties

1.     Alberto Conti (previously listed)
2.     Carol Christian (previously listed)

<u>Subject Matter and Contact Information:</u>

Dr. Conti and Dr. Christian are astronomers who work at the Space Telescope Science Institute who may have knowledge of the history and development of Google Sky. They can be reached at 3700 San Martin Drive, Baltimore, MD 21218, (410) 338-4700.

3.     J. Anthony Tyson

<u>Subject Matter and Contact Information:</u>

Professor Tyson is a Professor of Physics and Large Synoptic Survey Telescope ("LSST") Director at University of California-Davis who may have knowledge of the history and development of Google Sky and information relevant to Google's proposed first phase of discovery. He can be reached at Physics Department, University of California-Davis, CA 95616, (530) 752-3830.

4. David G. Monet

Subject Matter and Contact Information:

Mr. Monet is an astronomer at the U.S. Naval Observatory who may have knowledge of the history and development of Google Sky and information relevant to Google's proposed first phase of discovery. He can be reached at U.S. Naval Observatory Flagstaff Station, P.O. Box 1149, West Highway 66, Flagstaff AZ 86002, (520) 779-5132, dgm@nofs.navy.mil.

5. Simon Krughoff

Subject Matter and Contact Information:

Mr. Krughoff is a "post-doc" graduate student in the Astronomy Department of the University of Washington who was a member of the Google Sky development team. He may have knowledge of the history and development of Google Sky. He can be reached at U.W. Department of Astronomy, Physics-Astronomy Building, Office C320, Box 351580 U.W., Seattle, WA 98195-1580, (206) 543-9849.

Served this 1st day of October, 2008.

Eric P. Schroeder
(Georgia Bar No. 629880)
R. Joseph Burby, IV
(Georgia Bar No. 094503)
John C. Bush
(Georgia Bar No. 413159)
**POWELL GOLDSTEIN LLP**
One Atlantic Center
Fourteenth Floor
Atlanta, Georgia 30309
(404) 572-6600
(404) 572-6999
**Attorneys for Defendant Google Inc.**

JONATHAN COBB,

             Plaintiff,

             v.

GOOGLE INC. and
WORKFORCE LOGIC LLC,

             Defendants.

Case No. 1:08-CV-0483 (MHS)

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2008, a copy of Defendant Google Inc.'s

Supplemental Initial Disclosures were served on the following attorneys of record

by United States Mail:

> Michael Alan Dailey
> **ANDERSON DAILEY LLP**
> 2002 Summit Boulevard
> Suite 1250
> Atlanta, Georgia 30319
> 404-442-1800
> 404-442-1820 (facsimile)
> mdailey@andersondailey.com

Gary Hill
**HILL AND BLEIBERG**
47 Perimeter Center
Atlanta, Georgia 30346
770-394-7800
ghill@hillandbleiberg.com

Joan Dillon
**JOAN DILLON LAW LLC**
3522 Ashford Dunwood Road
PMB 235
Atlanta, Georgia 30319
404-257-1708
joan@joandillonlaw.com

Charlotte K. McClusky
John C. Fish
**LITTLER MENDELSON, P.C.**
3348 Peachtree Road, N.E.
Suite 1100
Atlanta, Georgia 30326-1008
404-233-0330
404-233-2361 (facsimile)

/s/ John C. Bush
John C. Bush

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JONATHAN COBB,

              Plaintiff,

              v.

GOOGLE INC. and
WORKFORCELOGIC USA,

          Defendants.

Case No. 1:08-CV-0483 (MHS)

## <u>LR 7.1(D) CERTIFICATE OF FONT COMPLIANCE</u>

I hereby certify that the foregoing has been prepared with one of the font and point selections approved by the Court in Rule 5.1(C) of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, specifically Times New Roman 14 pt.

                             /s/ John C. Bush
                             John C. Bush

5248385_1.DOC

JONATHAN COBB,

        Plaintiff,

           v.

GOOGLE INC. and
WORKFORCE LOGIC LLC,

        Defendants.

Case No. 1:08-CV-0483 (MHS)

## LOCAL RULE CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2008, a copy of the foregoing **Certificate of Service** was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to the following attorneys of record:

> Michael Alan Dailey
> **ANDERSON DAILEY LLP**
> 2002 Summit Boulevard
> Suite 1250
> Atlanta, Georgia 30319
> 404-442-1800
> 404-442-1820 (facsimile)
> mdailey@andersondailey.com

Gary Hill
**HILL AND BLEIBERG**
47 Perimeter Center
Atlanta, Georgia 30346
770-394-7800
ghill@hillandbleiberg.com

Joan Dillon
**JOAN DILLON LAW LLC**
3522 Ashford Dunwood Road
PMB 235
Atlanta, Georgia 30319
404-257-1708
joan@joandillonlaw.com

Charlotte K. McClusky
John C. Fish
**LITTLER MENDELSON, P.C.**
3348 Peachtree Road, N.E.
Suite 1100
Atlanta, Georgia 30326-1008
404-233-0330
404-233-2361 (facsimile)

/s/ John C. Bush
John C. Bush

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JONATHAN COBB,          :
                               :
          Plaintiff,      :
                               :
vs.                       :     CIVIL ACTION FILE
                               :     NUMBER 1:08-CV-0483-MHS
GOOGLE, INC.; and       :
WORKFORCELOGIC USA; :
                               :
          Defendants.   :

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within

and foregoing *Plaintiff's Reply Memorandum In Support Of Plaintiff's*

*Motion To Compel Discovery From Defendant Google, Inc.* upon

counsel for Defendants by depositing same in the United States mail,

with sufficient postage thereon to insure delivery and addressed to:

> Laurie Edelstein, Esq.
> David Ziff, Esq.
> **BRUNE & RICHARD LLP**
> 235 Montgomery Street
> Suite 1130
> San Francisco, California 94104

Charlotte K. McClusky, Esq.
John C. Fish, Esq.
**LITTLER MENDELSON, P.C.**
3344 Peachtree Road N.E.
Suite 1500
Atlanta, Georgia 30326

Eric P. Shroeder, Esq.
R. Joseph Burby, IV, Esq.
John C. Bush, Esq.
**POWELL GOLDSTEIN LLP**
One Atlantic Center
Fourteenth Floor
Atlanta, Georgia 30309

This 31st day of October, 2008.

*/s/ Michael Alan Dailey*
Michael Alan Dailey
Georgia Bar No. 203250
**ANDERSON DAILEY LLP**
2002 Summit Boulevard
Suite 1250
Atlanta, Georgia 30319
404 442 1800 voice
404 442 1820 data
mdailey@andersondailey.com