UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JONATHAN COBB,

    Plaintiff,

v.

GOOGLE INC. and
WORKFORCE LOGIC LLC,

    Defendants.

Case No. 1:08-CV-0483 (MHS)

## GOOGLE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

Defendant Google Inc. ("Google") respectfully submits this reply brief in support of its Motion for Protective Order.

### I.    INTRODUCTION

Plaintiff Cobb concedes that phased discovery is appropriate here, asking that it be "even-handed, fair and just." Cobb's approach, however, is not.

The parties agree that Count I of the Amended Complaint, the "Misappropriation Claim", is dispositive of the entire Complaint. Therefore, if Cobb's idea for Google Sky was not "novel", useable or confidential, or Google created Sky without Cobb's assistance, summary judgment should be granted.

Google has spent over $100,000, not including attorney's fees, collecting and producing voluminous documents and e-mails which document its development of Sky through April 2006 and demonstrate that Cobb's idea for Sky was not "novel." (Memorandum of Law in Support of Google Inc.'s Motion for Protective Order ("Google.MPO.Br.") at 7-10 & Tab B (Declaration of Theresa Beaumont).)[1] In short, this case is ripe for summary judgment.

The initial phase of discovery should therefore be limited to a single threshold issue: was Cobb's idea worthy of protection under Georgia law in early 2006? To do this, Cobb must first disclose the allegedly misappropriated "features and elements" of his idea. Discovery can then focus on whether Cobb's idea was "genuinely novel" as of April 2006, and to whom Cobb communicated this idea.

Cobb, however, seeks to unnecessarily expand the first phase of discovery to include post-April 2006 documents concerning Google's confidential design, development and implementation of Sky. His request defeats the purpose of phased discovery, as these documents are unnecessary if Cobb cannot show his

---

[1] The documents prove conclusively that Google and other astronomers had thought of a Sky-type program long before Cobb: 1) by 2004, Google was exploring how to best host and display digital images of space on the Internet; 2) the possibility of a "Google Sky" program was suggested internally at Google in early 2005; 3) by late 2005, other astronomers were publicly discussing a possible Google Sky program; 4) two entities pitched "Google Sky" to Google in February 2006; and 5) Google had its Sky development team in place by the time Cobb contacted Google in the Spring of 2006. (Id. at 14-16.)

idea was worthy of protection before April 2006. The Motion for a Protective Order should be granted.

## II. THE MOTION FOR PROTECTIVE ORDER AND COBB'S RESPONSE

**A.　Google's Motion For Protective Order**

Google's Motion for Protective Order respectfully requests an order which: 1) stays discovery until Cobb's deposition is completed; 2) limits discovery thereafter to Cobb's Misappropriation Claim; and 3) thereafter allows Google to move for summary judgment. (Google.MPO.Br. at 1-4 & 10-18.) The Court may permit Google to test the validity of Cobb's claim before granting him expensive and potentially irrelevant discovery. (Id. at 11-12 & 14, citing, inter alia, Scroggins v. Air Cargo, Inc., 534 F.2d 1124, 1133 (5th Cir. 1976) (court may limit discovery to issues relevant to summary judgment motion)). Google therefore provided the Court a "peek" into its expected motion for summary judgment. (Id. at 14-16, citing McCabe v. Foley, 233 F.R.D. 683, 685 (S.D. Fla. 2006) (court may stay further discovery after "preliminary peek" at summary judgment motion).

Google has further fully complied with Cobb's discovery requests, with the remaining areas of dispute being the subject of Google's Motion for Protective Order. (Google Inc.'s Response in Opposition to Plaintiff's Motion to Compel Discovery ("Google MTC.Resp.") at 3-8.)

### B. Cobb's Response To Phased Discovery

Cobb concedes that phased discovery is appropriate, and does not take issue with the Court considering an early motion for summary judgment. (Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant Google Inc.'s Motion for Protective Order ("Pl.MPO.Resp.") at 2.) Cobb disagrees, however, with his burden going forward and the scope of the first phase of discovery.

Regarding his burden to identify what Google has misappropriated, Cobb claims that he has "outlined in as complete detail as he is able the concepts and ideas which he contends Google misappropriated." (Pl.MPO.Resp. at 4.) He does not, however, identify which of those ideas were incorporated into Sky.

As to the scope of phased discovery, Cobb demands production of documents addressing: 1) "[w]hat features and ideas for Google Sky were actually evaluated and used in the product design, feasibility analyses, and road-mapping efforts relating to Google Sky;" and 2) "[w]hat persons or software, if any, was used by Google to monitor the content or communications within the private discussion groups operated and hosted through Google's software and servers,

including Plaintiff's group." (Pl.MPO.Resp. at 5).[2]  For the reasons discussed below, Cobb's demands are not reasonable under the circumstances here.

### III. ARGUMENT AND CITATION OF AUTHORITY

**A. Cobb's Proposal For Phased Discovery Is Flawed And Should Be Rejected[3]**

**1. Cobb Must Identify What Has Been Misappropriated Before Further Discovery Is Allowed**

Google accepts that Cobb has set forth to the best of his ability his concept for Google Sky. (Pl.MPO.Resp. at 4.) Cobb, however, must take the next step and identify which "features and elements" of his "original concept and idea" have been misappropriated. Further discovery should therefore be stayed until he makes this basic disclosure. (Google.MPO.Br. at 12, citing DeRubeis v. Witten Technologies, Inc., 244 F.R.D. 676, 680-81 (N.D. Ga. 2007)).

---

[2] Cobb also demands discovery regarding "all issues reasonably implicated" by Google's "complete responses" to his discovery requests. (Id.) This demand is redundant of the demands set forth above, as the "complete responses" at issue – Google's Interrogatory Response Nos. 1, 2, 5, 10 and 11, and Request to Produce Nos. 1, 7, 8, 11 and 12 – concern whether Cobb is entitled to confidential design information concerning Google Sky or information concerning Google Groups.

[3] Google did not waive its right to seek a protective order. (Pl.MPO.Resp. at 1.) Google did not file its motion earlier because the parties were engaged in discussions to resolve their dispute. (Id. at 3-4.) See e.g., Curley v. Cumberland Farms Dairy, Inc., 728 F. Supp. 1123, 1141 (D. N.J. 1989) (no waiver where defendant's motion for protective order was not filed until months after discovery was due and plaintiffs had filed a motion to compel).

To date, all Cobb has asserted is that Google appropriated his idea that Google use its Earth program to map the sky using images of space, leaving unsaid which features or elements of that idea are in dispute. (Google.MPO.Br. at 6-7 & 13 & Amend. Compl. at ¶¶ 13-14.) Cobb has not presented any reason why he cannot or should not disclose the "features and elements" he alleges were misappropriated before he has access to further discovery. Moreover, because Cobb's idea was a suggestion as to how the Sky user-interface should appear and what features should be available to the public – he was not suggesting, for example, specific computer code or an internal programming structure for Sky – Cobb can easily determine whether any feature of his idea was incorporated into Sky by using the program or checking http://www.google.com/sky/about.html.[4]

If Cobb cannot identify any specific feature or element which was incorporated into the finished version of Sky, Google submits that this case is ripe for summary judgment right now on the question of novelty. (GoogleMPO.Br. at 14-16.) If, however, Cobb identifies a feature of his idea that was incorporated into Sky, the parties may need to conduct further discovery tailored to whether the

---

[4] For example, Cobb claims that he suggested that Google charge a fee for access to digital space images, and that Sky allow users to share information with others in real time, even tracking unidentified objects (e.g., "UFO's"). (Id., Tab A (Affidavit of Eric P. Schroeder) & Amend. Compl. at ¶ 13.). Not one of these features was incorporated into Google Sky.

feature itself was novel, useable, and confidential or whether Google developed that feature independent of Cobb. Thus, for the reasons identified in DeRubeis, see id. at 12-13, discovery should be stayed until Cobb's deposition is completed.

### 2. Post-April 2006 Confidential Design Documents Are Not Relevant To The Proposed First Phase Of Discovery

Cobb should be denied discovery regarding "the features and ideas for Google Sky [which were] actually evaluated and used" by Google. (Pl.MPO.Resp. at 5.) This information is not relevant to whether his idea was worthy of protection in early 2006, and it could not rebut the dispositive evidence Google has identified which demonstrates Cobb's idea for Sky was not novel.

Cobb suggests that he is entitled to this information because he may have been the first to inform Google that it should use its Earth program to map the sky, id. at 6, and that "any inquiry into 'novelty' necessarily involves a clear-eyed understanding of the specific concepts and functional ideas which were being incorporated into the Sky in Google Earth program, and from whom those concepts and ideas were forthcoming", Pl.MTC.Reply at 3. He cites no law supporting these arguments, and they should be rejected.

Post-April 2006 confidential design documents have no relevance to whether Cobb's idea was initially worthy of protection. To establish novelty, Cobb must show that, as of early 2006, his "concept [for Sky was] peculiar and not generally

7

available or known to others in the trade", and that it was more than "an adaptation of existing knowledge, albeit a clever, useful, or sensible adaptation." Jones v. Turner Broadcasting Sys., Inc., 193 Ga. App. 768, 769, 389 S.E.2d 9 (1989) (idea that may be novel in the 1960s might not be novel in 1980s). He must demonstrate that he did more than take "something already known and in use [and] put [it] to a new use." Katz & Assocs., Ltd. v. Arnold, 175 Ga. App. 278, 281, 333 S.E.2d 115, 117 (1985) (emphasis added). As shown previously, the evidence submitted by Google demonstrates that Cobb took an existing idea (Google Earth) and put it to a "new use" (mapping the sky instead of Earth). (Google.MPO.Br. at 14-16.) Cobb's idea therefore was not novel at conception; nothing in Google's post-April 2006 confidential design documents can alter that fact.

Cobb's suggestion that his idea could be considered novel because, as of "early 2006[,] Google had not undertaken a program of this kind" is misplaced. (Pl.MPO.Resp. at 6.) Cobb cannot establish novelty by demonstrating that he was the first to tell Google that it should use Earth to create an astronomy program; instead, the "relevant inquiry is whether an idea similar to the one claimed to be novel existed, not whether such a similar idea had actually been executed." Kavanau v. Courtroom Television Network, 1992 WL 197430 at * 5 (S.D.N.Y. 1992) (citing Murray v. N.B.C., Inc., 844 F.2d 988, 994 (2d. Cir. 1988), and

applying New York law which is the same as that of Georgia, compare Katz, 175 Ga. App. at 281).

Cobb's rationale for gaining access to Sky's confidential development process therefore has no basis.[5]  In short, Cobb "confuses the novelty of an idea with the novelty of its execution."  Kavanau, 1992 WL 197430 at *4.  Instead, to determine novelty, the issue that must be plumbed is whether Cobb's idea was "unique and original", "obvious" or in the "public knowledge" by the time Cobb contacted Google in April 2006.  Wilson v. Barton & Ludwig, 163 Ga. App. 721, 725, 296 S.E.2d 74, 78 (1982) ("the factual determination of novelty depends upon the existence or absence of evidence that the idea has already been in use and is within the public's knowledge" at the time it was communicated to the defendant).

The relevant area of discovery for the Misappropriation Claim is therefore not Google's design, development and implementation of the Sky program after Cobb contacted Google.  Instead, the relevant area of discovery is the state of astronomy software and Internet-based programs before Cobb contacted Google,

---

[5]  Similarly, whether Google considered Cobb's idea "novel" after-the-fact is of no moment, as the question is whether the idea was novel in the relevant field at the time it was conveyed to others.  E.g., McGhan v. Ebersol, 608 F.Supp. 277, 288 (S.D.N.Y. 1985) (press releases regarding "revolutionary" new television show were irrelevant to whether initial idea for show was novel; New York law).

i.e., whether Cobb's idea was obvious to others in the field and Google's work toward a Sky-type program before April 2006.

Finally, features and elements considered in the Sky design process are not relevant to the Misappropriation Claim unless and until Cobb identifies the said features as having been incorporated into the final version of Sky. Even then, the fact that Google may have considered them is not relevant until Cobb demonstrates the feature in question was independently novel. See Wilson, 163 Ga. App. at 723-24, 296 S.E.2d at 77-78.

### 3. Google Has Answered Cobb's Google Groups "Monitoring" Question

Google has unequivocally informed Cobb that "No Google employee monitored googlesky@googlegroups.com." Further, Google has informed Cobb that Google "does not pre-screen, control, edit or endorse" and has "no obligation to monitor" the content created using its Google Groups Service, and "Google does not monitor or control the content of information Posted by others." (Google's Response to Plaintiff's Interrogatory No. 10.) These facts were made plain to Cobb in the Terms of Service he agreed to when he started his Group. http://groups.google.com/intl/en/googlegroups/terms_of_service3.html.

Google has since provided Plaintiff a signed verification regarding its Interrogatory responses relating to the Groups service. No further written discovery is warranted.

**B.    Google's Proposed Scope For The First Phase Of Discovery Should Be Adopted**

As to Plaintiff's proposed plan, Google does not object to counsel's deposing the Google employee identified by Plaintiff to determine "to what extent information from Mr. Cobb's postings, and members within his group, were made known" to that employee. (Pl.MPO.Resp. 6.) Google disagrees, however, with Cobb's request for the deposition of six (6) Google employees. (<u>Id</u>. at 4.) For the reasons articulated above, Google proposes that three to four depositions of Google employees are enough to test Google's documents and respond to the issues raised by Google concerning the Misappropriation Claim. Google does not object to a reasonable number of depositions of third parties who may have knowledge relevant to the Misappropriation Claim.[6]

Google therefore respectfully submits that the Court should: 1) stay discovery until Cobb's deposition is completed; and 2) thereafter, impose a two-month discovery period which limits discovery to: a) the scope, content and

---

[6] The parties have agreed that Mr. Cobb's deposition will take place shortly after the Court rules on this Motion.

distribution of Cobb's idea; b) when Google first conceived and began development of Google Sky; and c) whether Cobb's e-mails and postings to googlesky@googlegroups.com were discussed or considered by the Google team which created Sky. At the end of the two month discovery period, Google will move for summary judgment on the Misappropriation Claim. If summary judgment is denied, a second phase of relevant discovery can be conducted.

## CONCLUSION

For the foregoing reasons, Google's Motion for Protective Order should be GRANTED.

Served this 17th day of November, 2008.

/s/ Eric P. Schroeder
Eric P. Schroeder
(Georgia Bar No. 629880)
R. Joseph Burby, IV
(Georgia Bar No. 094503)
John C. Bush
(Georgia Bar No. 413159)
**POWELL GOLDSTEIN LLP**
One Atlantic Center
Fourteenth Floor
Atlanta, Georgia 30309
(404) 572-6600
(404) 572-6999
eschroeder@pogolaw.com

**Attorneys for Defendant Google Inc.**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JONATHAN COBB,<br><br>                 Plaintiff,<br><br>              v.<br><br>GOOGLE INC. and<br>WORKFORCELOGIC USA,<br><br>                 Defendants. | Case No. 1:08-CV-0483 (MHS) |

## **LR 7.1(D) CERTIFICATE OF FONT COMPLIANCE**

I hereby certify that the foregoing has been prepared with one of the font and point selections approved by the Court in Rule 5.1(C) of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, specifically Times New Roman 14 pt.

                                              /s/ Eric P. Schroeder
                                              Eric P. Schroeder

5305586_1.DOC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JONATHAN COBB,<br><br>      Plaintiff,<br><br>      v.<br><br>GOOGLE INC. and<br>WORKFORCE LOGIC LLC,<br><br>      Defendants. | Case No. 1:08-CV-0483 (MHS) |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2008, a copy of Defendant Google Inc.'s Reply In Support Of Its Motion for Protective Order was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following attorneys of record:

    Michael Alan Dailey
    **ANDERSON DAILEY LLP**
    2002 Summit Boulevard
    Suite 1250
    Atlanta, Georgia 30319
    404-442-1800
    404-442-1820 (facsimile)
    mdailey@andersondailey.com

Gary Hill
**HILL AND BLEIBERG**
47 Perimeter Center
Atlanta, Georgia 30346
770-394-7800
ghill@hillandbleiberg.com

Joan Dillon
**JOAN DILLON LAW LLC**
3522 Ashford Dunwoody Road
PMB 235
Atlanta, Georgia 30319
404-257-1708
joan@joandillonlaw.com

Charlotte K. McClusky
John C. Fish
**LITTLER MENDELSON, P.C.**
3344 Peachtree Road, N.E., Suite 1500
Atlanta, Georgia 30326-4803
404-233-0330
404-233-2361 (facsimile)

                                  /s/ Eric P. Schroeder
                                  Eric P. Schroeder