IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JONATHAN COBB,                    :
                                  :
          Plaintiff,              :
                                  :
vs.                               :     CIVIL ACTION FILE
                                  :     NUMBER 1:08-CV-0483-MHS
GOOGLE, INC.; and                 :
WORKFORCELOGIC USA;               :
                                  :
          Defendants.             :

## PLAINTIFF'S RESPONSE TO DEFENDANT GOOGLE, INC.'S MOTION FOR ORAL ARGUMENT

Defendant Google, Inc. has moved the Court for permission to present

oral argument in support of its Motion For Protective Order. Plaintiff

opposes the Motion as filed.

Plaintiff objects to Google's request, first, because it is confined to

Google's Motion For Protective Order. If oral argument is to be had, it

should address all matters presently before the Court.

Second, Google's request appears to have been presented with an eye

to the calendar. The Court-approved discovery period in this case is about to

expire. For a litigant whose efforts seem consciously aimed at "running out

the clock," requesting oral argument at the conclusion of a motion's briefing schedule, rather than simultaneously with its filing, only advances that objective.

Third, Plaintiff objects to oral argument to the extent it will be used to further misrepresent Plaintiff's position. Google's Reply In Support Of Its Motion For Protective Order asserts that Plaintiff does not take issue with the Court considering an early motion for summary judgment." (At p. 4). Plaintiff has never stated such a position. What page 2 of Plaintiff's Memorandum of Points And Authorities In Opposition to Google Inc.'s Motion For Protective Order does state is that Plaintiff "has consistently announced his willingness to engage in phased discovery."

Google now makes it sound as if Plaintiff only belatedly "concedes that phased discovery is appropriate here." (*Id.,* p. 2). Plaintiff was the first party to present a detailed written proposal for how phased discovery might proceed. (Letter of Michael Alan Dailey to Michael Zwibelman dated July 11, 2008). Google has never responded to Plaintiff's proposal other than to insist that discovery be stayed pending the taking of Mr. Cobb's deposition.

Google's Reply now offers additional detail concerning its proposal but incorporates the same insistence that discovery be stayed until after Mr. Cobb's deposition is taken. In a further demonstration of evenhandedness,

Google proposes that a two-month period then be set aside, during which discovery would be limited to (a) the scope, content and distribution of Plaintiff's idea, (b) when Google first conceived and developed Google Sky, and (c) whether Cobb's e-mails and postings to his private Google discussion group were discussed or considered by the Google Sky team. Once these steps are completed, Google's motion for summary judgment would be filed.

Notably absent from Google's suggested plan of action is any examination of the specific concepts and ideas which were made a part of its own Google Sky. Google considers an examination of these concepts and ideas to be irrelevant to Plaintiff's claim of misappropriation. What is relevant, argues Google, is how much more Mr. Cobb can share. While Google "accepts" that Mr. Cobb has set forth to the best of his ability his ideas and concepts for Google Sky, it maintains that he must now "take the next step" and "identify which 'features and elements' of his 'original concept and idea' have been misappropriated." Then, says Google, discovery can focus "on whether Cobb's idea was 'genuinely novel' as of April 2006, and to whom Cobb communicated this idea." (Google's Reply In Support Of Its Motion For Protective Order, p. 2).

As support for Cobb's purported duty of further disclosure, as well as its general contentions regarding the timing and scope of discovery, Google relies on the oft-cited case of *DeRubeis v. Witten Technologies, Inc., 244 F.R.D. 676, 680-81 (N.D. Ga. 2007)*. Plaintiff respectfully submits that Google has misread *DeRubeis*. Most importantly, it has ignored the emphasis set forth therein on striking a proper balance between the parties' competing interests in cases of this kind.

In *DeRubeis,* the District Court for the Northern District of Georgia, (J. Camp), was presented with an action brought by former employees of the defendant for breach of their employment agreement. The employer counterclaimed for misappropriation of trade secrets. A discovery dispute arose pertaining to the employer's counterclaim. The question presented to the District Court was to what extent the employer was required to identify the trade secrets it alleged had been misappropriated before the employees would be obligated to provide discovery on the same issue. After examining the various and competing interests involved, as identified by other courts, the District Court concluded that the employer (Witten Technologies) first needed to identify with "reasonable particularity" those trade secrets it believed to be at issue before it could take discovery from the former

employees on the same issue. (*Id.,* at 681). The District Court defined "reasonable particularity" as:

> . . . a sufficient description of the trade secrets it
> believes to be at issue in this case so that (1) Plaintiffs
> are put on notice of the nature of Witten's claims; and
> (2) Plaintiffs can discern the relevancy of any requested
> discovery on Plaintiffs' trade secrets.

(*Id.*).

Given the rancor which had marked conduct of the case up to that point, the District Court stated that it could foresee a dispute arising as to whether Witten's forthcoming disclosure would be "sufficiently reasonably particular." (*Id.*, f. 4). After remarking that it would not look favorably upon a motion in this regard, the District Court stated that if one was filed it would direct each party to describe what discovery information it believed would constitute a reasonably particular disclosure. The District Court, it stated, would then adopt without modification the position of the party it considered to be more reasonable. (*Id.*). In other words, the District Court admonished the parties that they would be well-advised to work out any dispute among themselves.

In light of the fact Google "accepts" that Mr. Cobb "has set forth to the best of his ability his concept for Google Sky," (Google's Reply, p. 2), Plaintiff shows that he has already made the disclosure required of him with "reasonable particularity." Plaintiff's June 20, 2008 disclosure extended over seven (7) pages of Interrogatory Answer format and included a detailed discussion of the various program features and elements which he conceived. Plaintiff' report was accompanied by his simultaneous document production, which encompassed all of the postings and e-mails made to his private Google e-mail discussion group. It also included all drawings and sketches that Mr. Cobb had prepared depicting various elements of his Google Sky idea. The only item that Plaintiff knows to have existed but which was not produced for Google is a series of power point slides he originally created, which Plaintiff has diligently searched for but can not locate.

In light of Plaintiff's detailed report, the duty of disclosure has now shifted to Google. It is Google which now must produce evidence concerning the concepts and ideas incorporated into its Google Sky program. *DeRubeis, supra.* ("Once Witten has fulfilled its obligation, it will be entitled to discovery on Plaintiff's trade secrets, provided that what it seeks is relevant." at 680).

To be sure, Google has distorted the holding in *DeRubeis* to insist that Plaintiff must first figure out, from a distance and without benefit of any discovery, what specific ideas and concepts Google has misappropriated from him. This must be done, maintains Google, before Plaintiff has the right to conduct further discovery of any kind. This is not what *DeRubeis* holds, and Google's position is simply wrong.

For all these reasons, Plaintiff respectfully submits there is no need for oral argument in this case. Google is duty-bound under the holding of *DeRubeis* to provide the information which Plaintiff's counsel proposed in his letter of July 11, 2008, or at least a very close variant of that same information. Such information is directly "relevant" to Plaintiff's claim of misappropriation.

If the Court should determine that oral argument would be helpful to its consideration of these issues, Plaintiff, of course, will participate fully and gladly. But Plaintiff asks that any oral argument scheduled not be confined, as Google has requested, to Google's Motion For Protective Order. The parties should be able to address all matters presently before the Court.

As for Google's report that it has now provided a sworn Verification to accompany its earlier assertion that Google "does not pre-screen, control,

edit or endorse," and has "no obligation to monitor," the content which is created using its Google Groups Service, (Google's Reply, p. 10), these statements simply talk past Plaintiff's information request. Plaintiff has been trying these many months to find out the identity of those persons who are responsible "for the creation, administration, execution, or management of Company e-mail discussion groups." (*Plaintiff's Interrogatory No. 11, as amended*). These e-mail discussion groups operate under Defendant's "Google Groups Service." (Google's Reply, p. 10). Because Plaintiff made disclosure of his Google Sky concepts and ideas through a Google Group that he convened, he is unquestionably entitled to know the identity of those persons charged with administering the Service through which the groups operate. Plaintiff seeks to inquire of these persons whether any individual or software program is tasked with capturing, monitoring or reporting any content posted within a group.

Google is particularly anxious about this line of inquiry, so much so that it works hardest to assure us that it has "no obligation to monitor" what is being posted and does not control the content of any postings. First, having "no obligation to monitor" misses the point entirely and candidly smells like an evasion. Second, Plaintiff is not concerned, nor does he actually believe, that Google monitors what is being posted for purposes of

controlling content. Plaintiff is instead interested to know, from the individuals whose identities he asks be disclosed, whether Google, the world's pre-eminent data-search company, uses its technological prowess to mine commercially valuable information from postings which are made through its own Google Groups Service. An affirmative answer to that line of inquiry is unquestionably relevant to Plaintiff's claims.

For all the reasons noted, Plaintiff respectfully opposes Google's motion for oral argument. Plaintiff asks instead that an order be entered granting Plaintiff's Motion To Compel respecting those matters left unresolved by Google's supplemental discovery responses. Plaintiff also asks that an order be entered directing the parties to commence a first-phase discovery in accordance with Plaintiff's written proposal of July 11, 2008. Plaintiff asks that Google's Motion For Protective Order be denied.

Respectfully submitted,

*/s/ Michael Alan Dailey*
Michael Alan Dailey
Georgia Bar No. 203250
**ANDERSON DAILEY LLP**
2002 Summit Boulevard
Suite 1250
Atlanta, Georgia 30319
404 442 1800 voice
404 442 1820 data
mdailey@andersondailey.com

Gary Hill
Georgia Bar No. 353750
**HILL AND BLEIBERG**
47 Perimeter Center
Atlanta, Georgia 30346
770 394 7800 (telephone)
ghill@hillandbleiberg.com

ATTORNEYS FOR PLAINTIFF

OF COUNSEL:

Joan Dillon
Georgia Bar No. 222120
**JOAN DILLON LAW LLC**
3522 Ashford Dunwoody Road
PMB 235
Atlanta, Georgia 30319
404 257 1708 (telephone)
joan@joandillonlaw.com

## LR 7.1(D) CERTIFICATE OF FONT COMPLIANCE

I hereby certify that the foregoing Response has been prepared with one of the font and point selections approved by the Court in Rule 5.1(C) of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, specifically Times New Roman 14 pt.

*/s/ Michael AlanDailey*
Michael Alan Dailey

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION


JONATHAN COBB,                          :
                                        :
            Plaintiff,                  :
                                        :
vs.                                     :    CIVIL ACTION FILE
                                        :    NUMBER 1:08-CV-0483-MHS
GOOGLE, INC.; and                       :
WORKFORCELOGIC USA;                     :
                                        :
            Defendants.                 :


## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within

and foregoing *Plaintiff's Response To Defendant Google, Inc.'s Motion*

*For Oral Argument* upon counsel for Defendants by depositing same in

the United States mail, with sufficient postage thereon to insure delivery

and addressed to:

> Eric P. Schroeder, Esq.
> R. Joseph Burby, IV, Esq.
> John C. Bush, Esq.
> **POWELL GOLDSTEIN LLP**
> One Atlantic Center
> Fourteenth Floor
> Atlanta, Georgia 30309

Charlotte K. McClusky, Esq.
John C. Fish, Esq.
**LITTLER MENDELSON, P.C.**
3348 Peachtree Road N.E.
Suite 1100
Atlanta, Georgia 30326-1008

This 2nd day of December, 2008.

*/s/ Michael Alan Dailey*
Michael Alan Dailey
Georgia Bar No. 203250
**ANDERSON DAILEY LLP**
2002 Summit Boulevard
Suite 1250
Atlanta, Georgia 30319
404 442 1800 voice
404 442 1820 data
mdailey@andersondailey.com