UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 08 2008

JAMES N. HATTEN, Clerk
By: J-Reed  Deputy Clerk

JONATHAN COBB,

    Plaintiff,

v.

GOOGLE, INC., et al.,

    Defendants.

CIVIL ACTION NO.

1:08-CV-0483-MHS

## ORDER

Before the Court is plaintiff's motion to compel discovery and defendant Google, Inc.'s motion for a protective order. For the reasons stated below, the Court dismisses without prejudice plaintiff's motion to compel discovery and grants in part and denies in part defendant's motion for a protective order.

### Background

In 2004, defendant, Google, Inc., developed the application "Google Earth," which it launched in June 2005. Throughout 2004 and 2005, Google was also in discussion to obtain astronomical data from several government agencies and observatories and was in discussions with astronomers regarding how to manage digital space images for display on the Internet. By early 2006, Google's Pittsburgh office began developing the precursor to "Google Sky," as

AO 72A
(Rev.8/82)

the project came to be known, and in February of that year Google was contacted by two separate groups concerning the creation of "Google Sky."

On January 23, 2006 plaintiff, Jonathan Cobb, created an e-mail discussion group at googlesky@googlegroups.com for the purpose of presenting, advancing, and refining concepts and ideas for the Google Sky program. On February 13, 2006, plaintiff was hired in Georgia as a temporary employee at Google's Atlanta datacenter facility through Google's employee contractor, WorkforceLogic USA. Plaintiff remained employed at the datacenter facility until May 2006. Plaintiff claims that beginning in January 2006, he presented and proposed various features for Google Sky in his Google Group, including:

> (a) An interface similar to that of Google Earth with upgrades, including the presentation of a Day and Night view and related space imagery;
>
> (b) An interface with differing telescope control systems;
>
> (c) Access to and the ability to use GPS devices for positioning information;
>
> (d) Object tracking;
>
> (e) Forecasting;
>
> (f) The ability to subscribe to high resolution imagery from earth and space-based telescopes;
>
> (g) Live image overlay and recording ability; and

(h) Optical modulation measurement.

Mem. of P. & A. in Supp. of Pl.'s Mot. to Compel Disc. from Def. Google, Inc., pp. 2-3.

Roughly six months after Google Sky's launch in August 2007, plaintiff initiated the present lawsuit on February 13, 2008, claiming that Google and WorkforceLogic USA, defendants, took concepts and ideas presented by plaintiff in his Google Group and passed them off as their own. Specifically, plaintiff's lawsuit alleges that defendants are liable to plaintiff for the state-law claims of misappropriation, fraud and fraudulent inducement, conspiracy to commit fraud, unjust enrichment and implied contract, and conversion.

On September 18, 2008, plaintiff filed his motion to compel discovery against Google. In response to plaintiff's motion, Google filed its own motion for a protective order on October 7, 2008.

Standard

Under Rule 26 of the Federal Rules of Civil Procedure, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). The Court may grant a motion to compel discovery if the movant provides a certification that they have "in

3

good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a).

Upon a showing of good cause, the Court may also issue a protective order limiting the time, place, and manner of discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The Court is also authorized to modify the timing and sequence of discovery "for the convenience of the parties and witnesses and in the interests of justice . . . ." DeRubeis v. Witten Techs. Inc., 244 F.R.D. 676, 678 (N.D. Ga. 2007). Under the Federal Rules, the Court has broad discretion to modify both the timing and sequence of discovery. Crawford-El v. Britton, 523 U.S. 574, 598 (1998)("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."). When one particular issue is dispositive to the outcome of the entire case, the court is authorized to stay discovery until that issue has been resolved. Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc., 200 F.3d 795, 803-04 (Fed. Cir. 1999). Consequently, the court may stay discovery to consider a motion for summary judgment when that motion is dispositive of the entire case. Feldman v. Floyd, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

AO 72A
(Rev.8/82)

Discussion

Plaintiff alleges that defendant has failed to fully cooperate in providing its initial disclosures, stating that Google's initial disclosures and its responses to plaintiff's first interrogatories and requests for production were either non-existent or incomplete. In his motion, plaintiff specifically seeks a court order compelling Google to (1) provide full and complete Initial Disclosures, (2) provide answers to Plaintiff's First Interrogatories, and (3) produce documents in response to Plaintiff's First Request for the production of documents and things.

Defendant asks the Court to stay discovery until plaintiff's deposition and to then bifurcate discovery. The first phase of discovery would focus on the threshold element of plaintiff's misappropriation claim: whether the concepts and ideas allegedly misappropriated by defendant were "novel" at the time of their misappropriation. Defendant would then bring a motion for summary judgment on that issue. Only if the motion for summary judgment was denied would a second phase of discovery be initiated on all remaining issues in dispute between the parties.

AO 72A
(Rev.8/82)

Plaintiff does not per se oppose a phased discovery process; however, plaintiff asks for the opportunity to depose up to six persons of his choice during the initial phase of discovery. Further, plaintiff asks for three additional matters to be included in the first phase of discovery along with those matters requested by defendant.

For the reasons discussed below, the Court will deny plaintiff's motion to compel discovery and stay discovery until plaintiff is deposed to determine the specific ideas and concepts he claims have been misappropriated by defendants. Then, plaintiff and defendants will be permitted to engage in discovery limited to the issues agreed upon by both parties pertaining to plaintiff's misappropriation claim. Following discovery, defendant will have an opportunity to submit a motion for summary judgment on the issue of plaintiff's misappropriation claim. Only if defendant's motion for summary judgment is denied will discovery continue on all remaining issues in dispute.

Plaintiff first argues that defendant's motion for a protective order was waived because defendant did not include it when it filed its answers and responses to plaintiff's discovery. Defendant counters that it did not waive its right to a protective order because at the time it filed its initial discovery responses, both parties were engaged in discussions to resolve their discovery

6

dispute. The Court believes that defendant did not and could not waive its right to seek a protective order from the Court. The Eleventh Circuit has established that "Rule 26(c) gives the district court *discretionary power* to fashion a protective order." Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545, 1548 (11th Cir. 1985). As such, "[t]he decision does not depend upon a legal privilege." Id. Accordingly, defendant was under no obligation to include its motion for a protective order at the time it responded to plaintiff's discovery requests. Therefore, it has not sacrificed any legal right required to request a protective order from this Court.

Defendant seeks plaintiff's deposition to specifically identify which "elements and features" of his idea were allegedly stolen by Google. Mem. of Law in Supp. of Google Inc.'s Mot. for Protective Order, p. 12. Plaintiff countered that he has already provided a seven-page list of his concepts and ideas for Google Sky in his answer to Google's Interrogatory No. 1.

The Court finds that plaintiff's answer to Google's Interrogatory No. 1 merely provided a list of features that plaintiff had considered and evaluated within his Google Group. These features are not necessarily synonymous with those that plaintiff claims were misappropriated by defendant. The Court

AO 72A
(Rev.8/82)

believes that, through deposition, plaintiff could narrow the scope of discovery by specifically identifying which ideas and concepts of his creation were ultimately utilized by Google in its Google Sky application. Further, because all of plaintiff's ideas relate to Google Sky's user-interface and its publicly accessible features, there is no reason plaintiff would not be able to identify those specific features from Google Sky's publicly available version accessible on the Internet.

In requiring plaintiff to give a deposition in which he states with "reasonable particularity" which concepts or ideas for Google Sky were misappropriated by defendants, the Court finds parallels to another Northern District case, DeRubeis v. Witten Techs., Inc., 244 F.R.D. 676 (N.D. Ga. 2007). In DeRubeis, plaintiffs sought a protective order to delay their obligation to respond to defendant's discovery until defendant described those trade secrets it alleged were misappropriated with particularity. Id. at 679. In that case, the court found that defendant's initial disclosures did not allege which trade secrets had been misappropriated, but rather listed "the end results of, or the functions performed by, the claimed trade secrets." Id. Ultimately, the court required the defendant to identify the trade secrets that had been misappropriated with "reasonable particularity" to put the plaintiffs on notice

8

of the defendant's claims and to allow the plaintiffs to "discern the relevancy of any requested discovery." Id. at 681. As in DeRubeis, here plaintiff's initial disclosures were insufficient to put defendant on notice of plaintiff's claims and to enable defendant to discern the relevancy of plaintiff's requested discovery. Accordingly, before any further discovery occurs, this Court orders plaintiff to sit for a deposition in which he identifies with particularity which concepts and ideas he believes were misappropriated by defendants in the creation of Google Sky.

Plaintiff next asks to be able to depose six individuals of his choosing during the first phase of discovery. Defendant argues that plaintiff should be limited to deposing three to four Google employees with no limit on the number of non-Google employees deposed. Even though three to four depositions of Google employees may be "enough to test Google's documents and respond to the issues raised by Google concerning the Misappropriation Claim," (Google Inc.'s Reply in Supp. of Its Mot. for Protective Order, p. 11), Google has not established that the depositions of two additional employees would create an unreasonable burden upon the company. Therefore, the Court denies defendant's request to limit the number of Google employees deposed to four and grants plaintiff's request to depose up to six Google employees.

9

Both parties are in agreement that the first phase of discovery shall include the following three issues: "(1) the scope, content, and distribution of plaintiff's ideas; (2) when Google first conceived and began development of Google Sky; and (3) whether plaintiff's e-mails and postings to googlesky@googlegroups.com were discussed or considered by the Google team which created Sky" (Def.'s Mot. for Protective Order, p. 2). However, in addition to these three matters, plaintiff seeks the inclusion of three additional matters in the first phase of discovery.

The first additional matter is "What features and ideas for Google Sky were actually evaluated and used in the product design, feasibility analyses, and road-mapping efforts relating to Google Sky." (Pl.'s Mot. of P. & A. in Opp. to Def. Google Inc.'s Mot. for Protective Order, p. 5.) Plaintiff argues that this matter should be included in the first phase of discovery because "any inquiry into 'novelty' necessarily involves a clear-eyed understanding of the specific concepts and functional ideas which were being incorporated into the Sky in Google Earth program, and from whom those concepts and ideas were forthcoming." (Reply Mem. in Supp. of Pl.'s Mot. to Compel Disc. from Def. Google, Inc., p. 3.) Defendant counters that any confidential design documents created after April 2006 are irrelevant to the issue of the novelty of those ideas

at the time they were allegedly misappropriated by defendant because "the relevant inquiry is whether an idea similar to the one claimed to be novel existed," Kavanau v. Courtroom Television Network, 1992 WL 197430, at *5 (S.D.N.Y. Aug. 3, 1992), before the alleged misappropriation.

Georgia law states that plaintiff's misappropriation claim is essential to each of the four remaining claims asserted in plaintiff's first amended complaint. See Burgess v. Coca-Cola Co., 536 S.E.2d 764, 768-69 (Ga. Ct. App. 2000)("[l]ack of novelty in an idea is fatal to *any* cause of action for its unlawful use")(quoting Downey v. Gen. Foods Corp., 286 N.E.2d 257, 259 (N.Y. 1972)). Therefore, for plaintiff to prevail on his misappropriation claim, "1) the idea must be novel; 2) the disclosure of the idea must be made in confidence; 3) the idea must be adopted and made use of by the defendant; 4) the idea must be sufficiently concrete in its development to be usable." Morton B. Katz & Assocs., Ltd. v. Arnold, 333 S.E.2d 115, 117 (Ga. Ct. App. 1985). Under the first prong of the four-part test, a novel idea "must be peculiar and not generally available or known to others in the trade." Burgess, 536 S.E.2d at 769. An idea is not novel "if it merely is an adoption of existing knowledge, albeit a clever, useful or sensible adaptation." Id.

11

The Court finds that no post-April 2006 documents will establish whether plaintiff's ideas were sufficiently novel to support a claim for misappropriation. Even though Google had not undertaken a program such as Google Sky as of early 2006, under Georgia case law, the key inquiry is whether plaintiff's ideas had already been executed in any form and therefore existed within the public domain at the time they were allegedly misappropriated. See Arnold, 333 S.E.2d at 117 (finding no novelty in "a matter already in use and within the public's knowledge"). Accordingly, any idea or concept is by definition not novel "if it merely is an adaption of existing knowledge." Id. To determine whether an idea or concept is a part of "existing knowledge," the Court must look to "the existence or absence of evidence that the idea has already been in use." Wilson v. Barton & Ludwig, Inc., 296 S.E.2d 74, 78 (Ga. Ct. App. 1982)(emphasis added). Therefore, if the basis for the Google Sky program was already in the public domain at the time defendant allegedly misappropriated plaintiff's ideas and concepts between January and April 2006, then plaintiff's ideas were not novel and were merely extensions of existing ideas. "This does not constitute 'novelty,' because creating a 'new and better way of doing something' is not sufficient." Jones v. Turner Broad. Sys., Inc., 389 S.E.2d 9, 11 (Ga. Ct. App. 1989)(quoting Shanco Int'l v. Digital Controls, 312 S.E.2d 150, 153 (Ga. Ct. App. 1983)). Based on this case precedent, the Court believes that the scope of the

12

first phase of discovery should be limited to the state of astronomy software and Internet-based programs before Cobb invited Google employees to become members of his Google Group in April 2006.

The second additional matter plaintiff seeks to include in the first phase of discovery is "What persons or software, if any, was used by Google to monitor the content or communications within the private discussion groups operated and hosted through Google's software and servers, including Plaintiff's group." (Pl.'s Mem. of P. & A. in Opp. to Def. Google, Inc.'s Mot. for Protective Order, p. 5.) Plaintiff asserts that someone within Google's organization had authority to oversee the existence of plaintiff's Google Group and only that person would be able to determine whether human or software initiated mechanisms existed to monitor the content of discussion groups. Defendant responds that Google was not monitoring plaintiff's Google Group and that such monitoring would be inconsistent with the company's stated terms of service.

Based upon defendant's response to Plaintiff's Interrogatory No. 10, its Terms of Service for Google Groups, posted at http://groups.google.com/intl/en/googlegroups/terms_of_service3.html, and its signed verification regarding its interrogatory responses, the Court finds that

13

Google does not actively monitor the content of Google Groups either through persons or software. Any such monitoring would explicitly contradict its stated terms of service and potentially subject the company to widespread liability for breach of contract. Google Groups' Terms of Service state that "Google does not pre-screen, control, edit or endorse Content made available through [its] Service and has no obligation to monitor the Content Posted via [its] Service." (Google's Terms of Service.) Google further adds that it "does not monitor or control the content of information Posted by others, and instead simply provides a service by allowing users to access information that has been made available." (Id.) These statements are sufficient to establish that no additional discovery is necessary regarding the issue of which Google employees have monitored the contents of plaintiff's Google Group. Further, the issue of whether plaintiff's Google Group was monitored is not relevant to whether the ideas allegedly misappropriated were novel because Google's alleged execution of plaintiff's ideas posted to his Google Group would not result in liability if those ideas were not in themselves novel. See supra pp. 10-12.

Finally, plaintiff seeks the addition of a third matter to the first phase of discovery: "Any and all issues reasonably implicated by Google's complete responses to Initial Disclosures, Plaintiff's First Interrogatories and Plaintiff's

First Requests." (Pl.'s Mem. of P. & A. in Opp. to Def. Google, Inc.'s Mot. for Protective Order, p. 5.) Plaintiff claims that this information is necessary to determine which individuals he should depose during the first phase of discovery.

The Court is not willing to expand discovery to include all issues implicated by Google's discovery responses. For the Court to hold otherwise would open up the first phase of discovery to any and all issues relevant to any claims or defenses in the present case. This would frustrate the Court's effort to narrow discovery to allow a summary judgment determination on the issue of plaintiff's misappropriation claim and would, in effect, grant plaintiff's motion to compel discovery. The Court declines to rule on plaintiff's motion to compel discovery until after the Court has ruled on defendant's motion for summary judgment. If summary judgment is denied, plaintiff will have an opportunity to re-file its motion to compel for the second phase of discovery if it believes such an order is necessary. For this reason, the Court denies plaintiff's requested third additional matter for the first phase of discovery and denies without prejudice plaintiff's motion to compel discovery.

AO 72A
(Rev.8/82)

Summary

For the reasons stated above, the Court DENIES WITHOUT PREJUDICE plaintiff's motion to compel discovery [#33] and GRANTS IN PART AND DENIES IN PART defendant's motion for a protective order [#41]. Consequently, the Court ORDERS discovery stayed until plaintiff is deposed on the issue of the particular ideas and concepts he claims were misappropriated by defendant Google, Inc. The parties shall notify the Court of the date plaintiff's deposition is completed, which should not be later than 30 days from the date of entry of this order. Following plaintiff's deposition, the Court will allow a two-month discovery period during which discovery will be limited to a) the scope, content, and distribution of plaintiff's idea; b) when Google first conceived and began development of Google Sky; and c) whether plaintiff's e-mails and postings to googlesky@googlegroups.com were discussed or considered by the Google team which created Google Sky. During the first phase of discovery, plaintiff shall be permitted to depose up to six employees of Google, Inc. Within 20 days after the close of the first phase of discovery, defendant Google, Inc. may move for summary judgment on plaintiff's misappropriation claim. If the Court denies summary judgment, a second phase of discovery for all remaining disputed issues will occur.

IT IS SO ORDERED, this ___ day of December, 2008.

                                               _____
                                               Marvin H. Shoob, Senior Judge
                                               United States District Court
                                               Northern District of Georgia

AO 72A
(Rev.8/82)